## GILBERT'S Executor *v.* PLANT.

It is competent for a Court, in the exercise of a sound discretion, to suffer a pleading to be filed, after the trial has been entered upon.

If money be deposited with a married woman, her husband will not be liable therefor, unless the deposit was made at his request, or the wife received it as his agent.

Gilbert's Executor *v.* Plant.

A loan to the wife will not bind the husband unless it was made with his authority or consent.

APPEAL from the *Elkhart* Common Pleas.

DAVISON, J.—Plaintiff, on the 3d of *September*, 1857, brought this action against *Alonzo Gilbert*, who, since the rendition of final judgment herein, has departed this life. His executrix prosecuted this appeal. The complaint contains four counts. The first is upon a promissory note, dated *April* the 1st, 1857, for the payment of 31 dollars and 43 cents. The second alleges that the defendant was indebted to the plaintiff 50 dollars for two colts, and 12 dollars for two steers, sold and delivered. The third is for the recovery of divers sums of money paid by the plaintiff for the defendant's use, in all amounting to 212 dollars. And the fourth charges that defendant owed the plaintiff 1,006 dollars for work and labor, &c. The plaintiff, with his complaint, filed a bill of particulars, which, among other items therein charged, contains various items of account against the defendant for money deposited with his wife. Defendant answered, 1. By a general traverse. 2. By set-off. 3. That since the accruing of the first item of indebtedness mentioned in the plaintiff's bill of particulars, there have been four final settlements and adjustments of all the claims of indebtedness existing between them; that the last of these settlements occurred on the 1st of *April*, 1857, when there was found due from defendant to plaintiff 31 dollars and 43 cents, for which the note described in the complaint was given. This note, it is alleged, has been fully paid, &c. At this stage of the proceedings, a jury was empannelled and sworn to try the issues, &c. And, after the plaintiff's counsel had concluded his opening statement to the jury, the plaintiff moved for leave to traverse, by general denial, the second and third paragraphs of the defendant's answer, no reply to these defences having been filed prior to the empan-

Gilbert's Executor *v.* Plant.

nelling and swearing of the jury. This motion, though resisted by the defendant, was allowed by the Court, and the plaintiff was accordingly allowed to reply, &c. The defendant then moved to continue the cause until the next term; and in support of his motion, filed an affidavit, alleging, that prior to the last term of the Court, he took the deposition of one *Polly Fowler*, in which he proved several of the material allegations in his answer, and that said deposition has been lost, or mislaid, so that it can not now be had; that upon the state of the issues, as they stood at, and before the jury were sworn, the settlements alleged in the answer were, as defendant is informed, admitted on the record, and that by allowing the reply, the facts of the alleged settlements are denied and put in issue; that he can, as he verily believes, prove the fact of the settlements by said witness more fully and satisfactorily than by any other person; that the facts stated in the answer, in reference to the settlements, are true, and that he can not procure the attendance of said witness at the present term, she being aged and infirm, so that it will be necessary to take her deposition, and he can procure her testimony by the next term; that this application is not for delay merely, but for justice. The motion to continue was also overruled, and the parties required to proceed in the trial. There was a verdict for the plaintiff. New trial refused, and judgment, &c.

As we have seen, the Court, after the jury were sworn, and the plaintiff's counsel had commenced his opening statement, permitted the plaintiff to reply to the answer. This ruling is assigned for error. It was, no doubt, competent for the Court, acting under a sound discretion, to allow the reply to be filed. 2 Rev. Stat. p. 48, sec. 99. In this instance, such discretion was not, in our opinion, improperly exercised. We think, however, the cause should have been continued. Until the jury were sworn, and the reply was filed, the facts alleged in the answer stood admitted; and the defendant was

not, therefore, chargeable with want of diligence in failing to be prepared to prove them. The affidavit makes a strong case for a continuance, and the refusal to grant it, was, it seems to us, erroneous.

As has been seen, the plaintiff's bill of particulars contains items of account against the defendant for money deposited with his wife. In relation to these items, there was evidence given to the jury, which tended to prove that such deposits had been made; and relative to the evidence thus given, the defendant moved to instruct the jury, "that if one deposit money with a married woman, the husband is not liable, unless the deposit be made at the request of the husband, or it be proved, in the particular case, that the wife was acting as the agent of her husband, and, therefore, the deposit, in effect, made to, or with him." This instruction the Court refused, and the defendant excepted. The books say, that "with a view to the personal safety of the husband, the law disables the wife from making any personal contract, or incurring any debt to bind him, without his express or implied authority." Bright on Husband and Wife, 2d vol. pp. 5, 40. Again, it is said, that "a loan to the wife, unless it be made with the authority of the husband, will not raise the usually implied contract by the borrower." Edwards on Bailments, p. 146. These expositions are no doubt correct. They express a general rule which seems to be applicable to the point made by the proposed instruction, and at once show that the instruction, being, as it is, pertinent to the evidence, was a proper direction to the jury, and should have been given.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*J. H. Baker* and *J. H. Liston,* for the appellant.