(4 Misc. Rep. 534.)

## SCHWARTING v. BISLAND.

(Common Pleas of New York City and County, General Term. August 9, 1893.)

HUSBAND AND WIFE—MONEY LOANED WIFE—LIABILITY OF HUSBAND.
    A husband is not liable for money loaned his wife, whether it is used by her in paying for necessaries or not, in the absence of proof that the husband knew of, or assented to, such loans.

Appeal from tenth district court.

Action by Henrietta R. Schwarting against Alfred Bisland for goods sold and delivered, and for money loaned, to defendant. through the medium of his wife, as his agent, by Charles W. Schwarting, plaintiff's assignor. Plaintiff claimed on the trial that the wife stated, in connection with the requests for money, that it was wanted for the purpose of paying for certain specified family necessaries. Defendant claimed that the wife used the money for luxuries. From a judgment in her favor for the value of the goods, only, plaintiff appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

John M. Tierney, for appellant.
Alfred B. Cruikshank, for respondent.

BISCHOFF, J. The action was brought to recover the sum of $122.78 for goods sold and money loaned by plaintiff's assignor to defendant, through the medium of his wife, as his alleged agent. The amount claimed for the goods sold was $23.41, and the court below rendered judgment in favor of the plaintiff for the value of such goods, no recovery being had for the money loaned. From this judgment in her favor the plaintiff appeals to this court. The only question for our determination is, does the plaintiff's case. as made out, entitle her to a recovery against the defendant for money furnished to defendant's wife by plaintiff's assignor, a tradesman patronized by defendant? In order that recovery may be had against a husband for goods furnished to his wife, the plaintiff must show that the goods so furnished were suitable to the wife's position, and necessary to her maintenance, and that she was not otherwise provided for. Arnold v. Allen, 9 Daly, 198;

McQuhae v. Rey, (Com. Pl. N. Y.) 23 N. Y. Supp. 16; Bloomingdale v. Brinckerhoff, (Com. Pl. N. Y.) 20 N. Y. Supp. 858. With regard to the money furnished the wife in this case, this burden was in no way successfully sustained by the plaintiff upon the trial. Moreover, the rule that a husband may be so charged does not apply to a case where money is loaned to the wife. Anderson v. Cullen, (Com. Pl. N. Y.) 8 N. Y. Supp. 643. There is no proof that the defendant knew of, or assented to, the loans for which recovery is sought, and, in the absence of such proof, his assumption of responsibility for such supplies as should be furnished to his wife does not justify the interpretation that he assumed responsibility for anything other than what he might have reasonably expected that the tradesman would furnish in the ordinary course of his trade. The decision of the court below was in all respects correct.