### TONJES v. TONJES.

(Supreme Court, Appellate Division, Second Department. February 19, 1897.)

1. DIVORCE—ALIMONY—MODIFICATION OF DECREE.
　　The amount of alimony allowed by a final judgment for a separation may be subsequently modified under Code Civ. Proc. § 1771, as amended by Laws 1895, c. 891, providing that the court may at any time after final judgment modify the directions given in the judgment as to the maintenance and educa-tion of the children and the support of the wife.

2. SAME—STATUTE AUTHORIZING MODIFICATION—PRIOR JUDGMENTS.
　　Code Civ. Proc. § 1771, as amended by Laws 1895, c. 891, authorizing a subsequent modification of the amount of alimony allowed in a judgment for a separation, is valid as to judgments entered before the enactment of the statute, since the provision for alimony in such a judgment is only a regulation of the continuing duty of the husband to support his family.

Appeal from special term, Kings county.

Action by Catherine L. Tonjes against John H. Tonjes, in which there was judgment for a separation and alimony to plaintiff.

942

From an order modifying the allowance of alimony, both parties
appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

Henry Schmitt, for plaintiff.
E. H. Harrison, for defendant.

HATCH, J. The plaintiff appeals from that part of the order
which fixes the sum awarded as alimony to the plaintiff, claiming
that the sum allowed is not a proper or sufficient sum to meet the
necessities of the plaintiff and her children, and that the same is
disproportioned to defendant's income and his ability to pay. The
defendant appeals from so much of the order as changes the award
of alimony for plaintiff's support and maintenance, and the sup-
port and maintenance of her children. The last appeal challenges
the power of the court to make the order appealed from. The ac-
tion is for separation, and the proof offered in support of plain-
tiff's right of action was undisputed. The only controverted ques-
tion in the case related to the amount of alimony which should be
decreed. By the provisions of the final judgment, liberty was
given to the plaintiff to move for an increase of the allowance and
alimony awarded upon the death of the plaintiff's mother, or upon
the occurrence of a change in the pecuniary circumstances of the
defendant. It is now claimed by the defendant that the court was
without power to make this decree. We might well say, in answer
to this claim, that defendant appealed from such decree to the gen-
eral term of the supreme court, and upon such appeal this part of
the decree was affirmed, thus affirming the power in the court so
to decree; and, if the power existed to decree the right so to move,.
power exists to make disposition of the motion by a determination
of the question based upon the changed circumstances. If, how-
ever, we regard the question as unaffected by the previous decision,
we are still able to reach the same result. The decree was entered
November 13, 1894. At that time the statutory provisions which
control such actions provided for an allowance to be made for the
education and maintenance of the children of the marriage, and
for the support of the plaintiff as justice requires, having regard
to the circumstances of the respective parties. The law in this
respect remains unchanged at the present time. Code Civ. Proc.
§ 1766.

The provision of the Code in respect to decrees awarding alimony
when this decree was entered, so far, at least, as the sum awarded
for the support and maintenance of the children of the marriage
is concerned, authorized an application to the court at any time
after final judgment to modify or amend such final judgment. Code
Civ. Proc. § 1771. The rule in this respect was different as to an
action for the dissolution of the marriage. Chamberlain v. Cham-
berlain, 63 Hun, 96, 17 N. Y. Supp. 578. In this respect the deci-
sion in Wells v. Wells, 10 N. Y. St. Rep. 248, is erroneous. So that,
even under the law as it then stood, express authority existed to

make application on behalf of the children of the marriage for a modification of the decree in this respect, and of right upon the part of the defendant to apply to have the same wholly annulled. Under the decisions, however, it is clear that the sum which is awarded as alimony does not exist as a debt in favor of the wife against the husband in the sense of indebtedness as generally understood. It is founded upon the marital obligation of the husband to maintain and support the wife and children. It is awarded and made specific in amount by the court, as incidental to the decree which is entered. Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826. The specific sum and allowance which are thus made originate in a duty, are created by the court upon the application of equitable rules, based upon a consideration of the circumstances of the husband and the needs of the wife and children, and are at all times the subject of equitable protection. Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169.

This principle of equitable protection is not limited to the security of the fund awarded for the purposes for which it was created, but it is, within the principle of the cases above cited, extended to and covers the whole subject-matter of enforcing the obligation which rests upon the husband to maintain and support the wife. This is the primary duty, and for this purpose equity creates the fund. We think, therefore, that it is clearly within the equitable power of the court, not only to tentatively fix the sum which shall be paid at the time when the decree is rendered, but to provide in the decree for a reservation of such question to await any change of condition in the circumstances of the parties which may require the interposition of equitable power to work justice by an enforcement of the primary obligation. In this view it was clearly within the power of the court to make the provision in the judgment which it did, and therefore the power existed to change the award of alimony upon the application which was made. If, however, no provision were made in a judgment in an action for separation, reserving the right in the court to subsequently modify or change the same, still we think such power exists. It is to be borne in mind that the judgment does not dissolve the marriage contract. That still continues. The marital relation is so far modified by the decree, based upon the misconduct of the husband, that the wife is permitted to live separate and apart from the husband, and he is compelled to comply with the marital obligation to support and maintain. If the husband, while subject to this decree of separation, should obtain an absolute divorce, based upon the misconduct of the wife, it would then be clear that he would be discharged from the marital obligation of maintenance and support. If the decree of separation was final in this regard, then no power would exist in a court of equity to relieve the husband from its obligation. It would be a monstrous perversion of justice to say that the husband was bound by a decree resting upon the obligation to maintain and support, when by his judgment such obligation was swept away. Equity permits of no such result. As the decree awarding alimony in an action of separation is of equita-

ble creation, based upon the marital obligation to maintain, when that support is swept away, equity will, upon proper application, ·decree that the former obligation created by the judgment is also ·swept away. It seems plain, therefore, that in actions of separation, where the obligation to support and maintain is a continuing ·one, it is at all times within the power of a court of equity to take cognizance of this subject,. although there exists no special statutory authority upon the subject. In this respect the case differs from that of a judgment for a dissolution of the marriage. In such ·case the contract of marriage ceases, and the obligation of support and maintenance is only continued by the provisions of the judgment. In the other case the obligation continues, irrespective of the judgment. The right, however, in case of absolute divorce, to ·apply for modification of the decree awarding alimony, is now secured by statute. Code Civ. Proc. § 1771. If, however, it should be assumed that there existed no power in the court to reserve the right to change or modify the decree awarding alimony at the time when this decree was entered, and that the court possessed no power in that regard, still we think it would furnish no answer to the present application. In 1895, section 1771 was amended by authorizing either party to an action for a dissolution of the marriage or for a separation to move the court to amend, vary, or modify the decree providing for the custody, care, education, and maintenance of the children of the marriage, and, where the wife is the plaintiff, for her support. By virtue of this authority, a clear right is given to make this application. The statute is remedial. It was designed to confer power necessary to be exercised in order to prevent injustice. The books abound in instances where the alimony decreed to be paid in final judgment has proved greater than the entire income of the party charged with the continuing burden of the decree, by reason of changed circumstances and loss of property, or the offending party has risen to affluence since the decree was rendered, and could pay much more. In either ·event. the court was powerless to work any change of condition by subtracting from or adding to the burden imposed. Yet if the ·offending party failed to pay, although his income was gone, upon which the decree was based, he might be imprisoned. On the other hand, an innocent wife might be compelled to eke out a miserable ·existence upon a mere pittance, while a guilty husband reveled in luxury which a change of fortune had produced. The only relief lay with the legislature, and through it the courts are now vested ·with authority to remedy any injustice which has been or may be wrought. The statute being remedial, courts are bound to give it its largest, fullest, and most extensive meaning; in other words, a liberal construction. End. Interp. St. §§ 107, 108 et seq.

The true rule for the construction of this statute is stated by ·Judge Allen in People v. Supervisors of Columbia Co., 43 N. Y. 132, where he says:

"The occasion of the enactment of a law may. always be referred to in interpreting and giving effect to it. The court should place itself in the situation ·of the legislature, and ascertain the necessity and probable object of the statute,

and then give such construction to the language used as to carry the intention of the legislature into effect, so far as it can be ascertained from the terms of the statute itself."

And this is the true rule in determination of the question whether the act is prospective or retroactive. People v. Spicer, 99 N. Y. 225, 1 N. E. 680.

It is not needful that we should now determine whether this amendment has a retroactive effect upon decrees dissolving the marriage absolutely, as such question is not essential to a disposition of this case. Nor is it essential to say that it has a retroactive effect upon decrees in separation heretofore granted. As we have seen, in the latter class of cases the obligation to support and maintain is a continuing obligation, and this amendment operates upon this subject as it finds it; and, finding it existing, its provisions become immediately applicable thereto, in the same manner and to the same extent as any other change in a law operates upon individual rights. In any view, therefore, the court was possessed of power to make the order appealed from, and defendant's appeal must therefore fail.

So far as plaintiff's appeal is concerned, we are of opinion that the amount awarded by the court in its order modifying the decree is fairly sufficient to meet the wants of the plaintiff and her children, and is fairly sufficient for their comfortable support and maintenance, and that her appeal in this respect should be denied. As we have seen, the right to apply for a modification or amendment of the decree awarding alimony and maintenance is open to both parties. The order permitting such an application by defendant can work no harm to plaintiff.

The order appealed from should be affirmed, without costs and disbursements to plaintiff. All concur.