(21 App. Div. 219.)
## WALKER v. WALKER.

(Supreme Court, Appellate Division, Second Department. October 19, 1897.)

1. DIVORCE—ALIMONY—MODIFICATION OF DECREE.
    Under the amendment of 1895 of Code Civ. Proc. § 1771, the court is empowered to increase the amount of alimony fixed by a final judgment of divorce, although the judgment was entered prior to the adoption of the amendment.

2. SAME—VESTED RIGHTS.
    So construed, the statute does not interfere with vested rights of the judgment defendant.

    Cullen, J., dissenting.

Appeal from special term.

Action by Frances S. Walker against Frank B. Walker. From an order modifying a provision for alimony, inserted in the final decree, by increasing the sum provided to be paid in the decree, defendant appeals. Affirmed.

Argued before CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Daniel P. Mahony, for appellant.
Max Meyer, for respondent.

HATCH, J. The decree in this case was for an absolute divorce, and was entered in 1891. It made provision for permanent alimony in favor of the plaintiff, in a specified sum. The order has modified the judgment by increasing the sum to be paid. It is admitted that prior to the amendment of section 1771 of the Code of Civil Procedure, in 1895, no power existed in the court to alter a final decree, and insert an award of alimony where none had been entered in the final judgment. This admission is supported by express authority. Kamp v. Kamp, 59 N. Y. 212; Erkenbrach v. Erkenbrach, 96 N. Y. 456.

The question presented by this appeal requires a determination of the effect of the Code amendment, and whether it operates upon a judgment entered prior to its adoption. The question is not free of difficulty, and much may be said upon either side. If the judgment or decree of divorce, in respect of the alimony awarded therein, is to be regarded the same as a final adjudication, subject to the same rules as apply to final judgments between parties, then the decree must stand as entered, without power in the court or the legislature to affect the same. There is considerable authority and much judicial expression of opinion tending to establish that the decree of divorce, including the award of alimony entered therein, is a final, binding adjudication, which may not be disturbed. In the case of Kamp v. Kamp, supra, it was held that the jurisdiction of the court over the parties and subject-matter in respect of all the matters embraced therein terminated with the entry of final judgment, except to enforce the judgment or correct mistakes. In that case there was no award of alimony entered in the judgment, and the court held void certain orders instituting proceedings to determine the ability of the defendant to pay alimony, and awarding a sum as

permanent alimony. The court treated the judgment in that action as subject to the same rules as obtain in other judgments between parties, basing its conclusion upon the language of the provisions of the statute authorizing an award of alimony, which required it to be final as justice might require, having regard to the circumstances of the parties, respectively. There are many other cases where this question has arisen, both in the court of appeals and in the supreme court. The later cases have applied the rule of the Kamp Case, and do not add anything to the strength of its utterance. With one exception, to be hereafter noted, it is not needful that we refer to the other cases. It is to be noticed that the Kamp Case does not discuss the question of the relative rights and obligations of the parties to an action for an absolute divorce, brought by the wife, and based upon the misconduct of the husband. The decision proceeds solely upon a construction of the statutes authorizing the action, and the limitations upon the court acting thereunder. As we have observed in that case. there was no provision made in the final judgment for an award of alimony. When such is the fact, it is quite apparent that the judgment, in this respect, could not be thereafter disturbed, for the reason that a conclusive presumption arose, from such failure, that the court passed upon the question, and denied relief in this regard. The language of the court upon this subject is:

 "The law presumes that every question involved in the action—and the right of the plaintiff to alimony was one of those questions—was passed upon by the courts, and the claim to alimony, if made, was decided adversely to the plaintiff, and the adjudication was final."

Prior to the statement contained in the language we have quoted, the learned judge who wrote observed that, after the entry of judgment, "the parties, from that time, were no longer husband and wife, and had no claims upon each other growing out of the relations before then existing between them, except such as were given by the judgment." In that case the marital relation was entirely dissolved, and each party was absolved from obligation to the other, except that the defendant was not permitted to remarry, so that the judgment entered therein was absolutely final as to the parties thereto. But the court recognized that the obligation of the husband to the wife may not be destroyed where it is preserved by the judgment.

By virtue of the contract of marriage, the wife obtains the right, and the husband is charged with the obligation, of support and maintenance in a style and manner comporting with the station in life of the parties. When the husband, by his misconduct, forfeits his rights under the marital engagement, the wife forfeits none of hers. She may enforce any or all of them, without a dissolution of the marriage contract. She may bring her action of divorce, and procure the contract to be absolutely annulled, dissolving all relations with her husband; or she may so far annul the contract as to leave her free, and retain the obligation which the husband is under to support and maintain. There is nothing in any statute which, in terms, states that, by adopting the latter course, she surrenders

any of her rights secured to her by the contract of marriage. As to her, the obligation upon the part of the husband to support and maintain remains. She has done nothing to forfeit it, and the law does not take it away, but preserves it. The necessities of the situation demand a change. Before the husband's misconduct and the dissolution of the marriage contract, the former possessed discretionary power as to the method, manner, and time wherein and how he would discharge the obligation to support and maintain, and this arose from his marital right. As the condition of the parties was changed by the divorce, this method could no longer be carried out; and the invocation of the legal remedy by the wife transferred the discharge of the obligation from the discretion of the husband to the supervision and authority of the court. But the obligation and duty of the husband remained as before. The manner of its discharge was changed, but the obligation itself was preserved and continued by the judgment. It is said that all rights under the contract became merged in the judgment, and this is true in a sense, and, as we view it, only in a sense is it true. The obligation to support and maintain continued. The alimony which is awarded is an incident to the preservation of this part of the contract. One is the thing itself; the other is the medium by which it is discharged. As the duty resting upon the husband to support and maintain is a continuous duty, the substance of that duty is the thing preserved by the judgment. As the conditions might change, requiring a greater sum than that reserved in the judgment, or less, as the circumstances of the parties changed, a modification of the sum reserved might be had were it not for the fact that the statute interposed to prevent. But the statute did not interpose to say that the obligation secured to the wife was not continuous, or that the right was not secured by the judgment. The alimony awarded is the remedy by which the obligation secured by the judgment is discharged, and we see no reason why it was not competent for the legislature to remove the bar of the statute, and provide for a fulfillment of the obligation for which the judgment had provided, in view of changed conditions. There is no interference with a vested right acquired by the defendant. The obligation remains as it did before his misconduct required the entry of the judgment. As it was then, so it is now. As he was required to support and maintain as his circumstances rendered proper, so he is under the same obligation now, and nothing contained in the judgment, and certainly nothing contained in the contract, changes that obligation.

This view is not without authority for its support. In Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826, it was said by Judge Finch, in speaking of alimony reserved in the judgment:

"And, when awarded, it is not so much in the nature of a payment of a debt as in that of the performance of a duty. During the marriage the husband owes to the wife the duty of support and maintenance, although owing her no debt, in the legal sense of the word; but, under the modern statutes, he does not owe to her the duty of paying her debts contracted before the marriage or thereafter, if they are solely hers, and not at all his. The divorce, with its incidental allowance of alimony, simply continues his duty beyond the decree, and compels him to perform it, but does not change its nature. The divorce and consequent

separation are wholly his own fault, and do not relieve him from the continued performance of the marital obligation of support. The form and measure of the duty are, indeed, changed, but its substance remains unchanged."

It is true that these remarks were not necessary to the decision of that case. But they are the expressions of an accomplished, accurate judicial thinker, and we think they express the true rule regarding the force and effect of the judgment, and what is preserved thereby. The doctrine of this case also finds support in Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, where Judge Haight, in speaking for the court, said:

"When she became the wife of the defendant William, he undertook to support and maintain her during life. That duty still devolves upon him, notwithstanding the decree of divorce. Being the guilty party, his duty is continued, and is measured and fixed by the decree."

This case clearly recognizes that the duty is continuing, that it is the same duty assumed by the marital contract, and such duty was measured and fixed by the decree. This is true, both the first and the last. The duty was measured when the decree was entered. It could not be otherwise, if it was fixed at all. But, as the primary duty was subject to modification, so the obligation preserved, being the same, was subject to modification as the legislature might permit, in like manner as would the primary obligation had the marital contract remained undissolved.

There is nothing in Chamberlain v. Chamberlain, 63 Hun, 96, 17 N. Y. Supp. 578, which opposes this view. That case, like the Kamp Case, contained no provision for alimony. Indeed, there was no prayer for alimony or for an allowance for the support and maintenance of the children in the complaint. The court applied the doctrine of the Kamp Case, aided to such conclusion by an amendment of the statute to conform to the rule therein expressed. These cases, as we have seen, are distinguishable from the case now before us; and we think the doctrine should be limited to the cases there considered and those falling within a like category. The amendment of the Code is in the nature of remedial legislation. We have already held that it is entitled to a liberal construction. Tonjes v. Tonjes, 14 App. Div. 542, 43 N. Y. Supp. 941. We are not able to see that the application of this rule interferes with any vested right secured to the defendant by the judgment, or that the application of the section of the Code to it enlarges in any wise the rights secured to the plaintiff by the decree.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur, except CULLEN, J., dissenting.

CULLEN, J. I feel constrained to dissent from the conclusion reached by my associate. I think that the amendment, in 1895, to section 1771 of the Code of Civil Procedure, should not be construed as retrospective; and, if so construed, I should have grave doubts as to its constitutionality. The law is settled that in this state a divorce wholly terminates the marital obligations of the parties. Whatever doubt may have been cast on this principle by the opinion in Wait v. Wait, 4 N. Y. 95, where it was intimated that the dissolu-

tion of the marriage was not absolute, and that it might be considered in continuing force for certain purposes, has been wholly dispelled by the later decisions of the court of appeals. In Van Voorhis v. Brintnall, 86 N. Y. 18, it was held that the prohibition against remarriage by the guilty party in a divorce suit was a mere penalty imposed on him for his fault, and therefore had no extraterritorial effect; that the marriage by such a defendant without this state was valid, and would be respected within this state. In Re Ensign's Estate, 103 N. Y. 284, 8 N. E. 544, it was held that a divorced wife was not entitled to a distributive share of the personal estate of her husband, because by the divorce the relation between the parties was wholly abrogated. It was there said by Judge Finch:

"But then came provisions for a dissolution of the marriage contract. In such case the contract is ended and terminated by the decree of the court. The relation of husband and wife, both actual and legal, is utterly destroyed, and no future rights can thereafter spring out of or arise from it. Existing rights already vested are not thereby forfeited, and are taken away only .by special enactment as a punishment for wrong. But future rights dependent upon the marital relation, and born of it, there can be none."

This, also, is the view of Mr. Bishop, in his work on Marriage and Divorce, though he maintains the doctrine that divorce litigation is exceptional, and that an action for alimony may be maintained after a decree of divorce has been obtained. 2 Bish. Mar. & Div. § 840. At the same time, the learned author admits that, contrary to his own view, there is a tendency in some of the states to deem such an application too late, unless saved by statute or by a reservation in the decree. Section 1076. That the rule in this state is to the contrary was definitely determined by the case of Kamp v. Kamp, 59 N. Y. 212, and Erkenbrach v. Erkenbrach, 96 N. Y. 456, where it was held that the court was without power to make an award of alimony subsequent to the rendition of the judgment, and that an order of such a nature was absolutely void, as without jurisdiction.

I differ from Mr. Justice HATCH at the very threshold of the discussion of this case. He is of opinion that, as to the innocent wife, "the obligation of the husband to support and maintain remains"; and some expressions in the opinions delivered in the cases of Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826, and Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, I concede, if construed broadly, give some support to his claim. But it cannot be accurately said that the duty resting upon the husband to support and maintain is a continuous one, surviving the decree, for from the date of the decree the defendant was no longer the husband of the plaintiff. Doubtless, he did originally assume the obligation to support the plaintiff during their joint lives, but this was only an incident to his contract of marriage. A case could easily be imagined of a marriage voidable where, as long as it existed, the obligation to support would rest on the husband; but on the avoidance of the marriage, and that through the fault of neither party, the obligation would cease. The real nature of the provision for permanent alimony is best stated by Judge Finch, in Re Ensign's Estate, supra:

"When the court dissolves the marriage contract at the suit of the innocent wife, it is authorized to decree the payment to her of a suitable allowance.

And why is that? If any marital right continues after the divorce, the wife remains entitled to her support, and may enforce it in the ordinary way. On the contrary, the statute recognizes that when the marriage tie is broken, and the relation ended, no future rights will remain to the wife, and no future obligations bind the husband which have their root in the marriage relation. The court is authorized to give by its decree, in the form of an allowance, a just and adequate substitute for the right of the innocent wife, which the divorce cuts off and forbids in the future."

This is the exact point of difference between my associate and myself. He regards the decree as merely measuring and fixing the continuous duty on the part of the defendant to support the plaintiff. I think, as said by Judge Finch, it is a substitute for that duty. In other words, the plaintiff, prior to the decree, had a right of support; by her divorce, she lost that right, and, in substitution of it, acquired a new right,—a judgment requiring the payment to her of a specific sum of money. That, at the time the judgment was rendered, there was no power of the court to either abrogate, increase, or diminish her right to recover a specific sum, is unquestioned. I think that subsequent legislation could not operate on that judgment any more than on any other judgment for the payment of money; or, at least, that the statute should not be construed retrospectively to affect the vested right.

The order appealed from should be reversed, without costs.