(101 App. Div. 588.)

## SALOMON v. SALOMON.

(Supreme Court, Appellate Division, First Department. February 24, 1905.)

**1. SEPARATE MAINTENANCE—DIVORCE DECREE—MODIFICATION—PROVISION FOR CHILDREN.**

Where plaintiff, having secured an absolute divorce, containing no provision for maintenance of children awarded to her custody, applied to have a prior agreement between the parties, by which defendant contracted to pay plaintiff a certain sum monthly for the support of the children, incorporated in such judgment, and the agreement tended to show that plaintiff had property of her own, and there was no evidence that justice between the parties required the making of any such provision, the application was properly denied.

**2. SAME—FINAL DECREE—MODIFICATION.**

Under Code Civ. Proc. § 1771, providing that in an action for divorce or separate maintenance the court must give, either in the final judgment or by one or more orders made from time to time "before" final judgment, directions for the custody and maintenance of the children of the marriage, a court, after final judgment granting an absolute divorce, and containing no provision for maintenance of children awarded to the wife, nor reservation to the court to modify the same, had no jurisdiction thereafter to incorporate a provision in the judgment for the maintenance and education of such children.

Van Brunt, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Estelle L. Salomon against Sidney H. Salomon. From an order denying plaintiff's motion to amend a final decree of absolute divorce by incorporating a provision for support, maintenance, and education of the issue of their marriage, awarded to plaintiff's custody, she appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM and LAUGHLIN, JJ.

A. H. Kaffenburgh, for appellant.
Eugene Van Schaick, for respondent.

LAUGHLIN, J. The interlocutory decree was made final on the 16th day of April, 1903. The final decree, following the interlocutory decree, awarded the custody of the two children, aged five and six years, respectively, to the plaintiff, but contains no provision for their education or maintenance. At the time of the making of the decree the defendant was contributing to the plaintiff the sum of $150 per month for the support, education, and maintenance of the children, pursuant to a separation agreement made between the parties on the 7th day of November, 1902, which contemplated the payment of that amount until the children should attain their majority, with a modified provision in the event of the death of either or the marriage of the daughter. An action is now pending between the plaintiff and the defendant for the enforcement of the agreement for the benefit of the children.

The respondent stands on the literal reading of section 1771 of the Code of Civil Procedure, and contends that, since no provision for the support, maintenance, or education of the children was contained in the final decree, the court is without authority to regulate the matter

by amending or supplementing the decree. Even though the contention of the respondent be untenable, there would be difficulty with this motion. The application is not in form to have the court make a suitable provision for the children, but to have incorporated in the final judgment the provision of the agreement between the parties for the payment of $150 per month for that purpose, and the plaintiff fails to present any facts tending to show that justice between the parties requires such a provision, or any provision. It does not appear but that the plaintiff has ample means for the support and education of her children. The agreement between the parties recites that she "has means of her own," and it appears that the defendant, within eight months prior to the 17th day of June, 1903, paid her more than $11,-000, the major part of which was for the purpose, as shown by the agreement, of placing "her property in better paying shape, so as to increase the earnings from her property." The denial of the motion, however, upon this ground, would likely only result in its renewal, and, since we are of opinion that there is no authority to change the decree our views may as well be expressed. While the court has inherent authority over the custody and control of children, its authority to grant divorces and bills of separation and to provide by orders or decrees in such actions for the support, maintenance, and education of the children, is entirely statutory. It is, of course, the duty of a father to properly provide for the support and education of his children; and remedies, though inappropriate, and at times inadequate, exist for the enforcement of that duty. The court, however, is powerless to enforce any duty in this regard by an order or decree in an action for separation or divorce, except to the extent that it is expressly authorized by statute. Prior to the enactment of the Code of Civil Procedure special provision was made in section 45, tit. 1, c. 8, pt. 2, of the Revised Statutes, authorizing the court, in granting a decree of absolute divorce, to make provision for the maintenance of the issue of the marriage; and, in granting a bill of separation, like authority was granted by section 54 of said title. Section 59 of said title contained a further provision applicable to actions brought by the wife either for a divorce or for a separation, authorizing the court "during the pendency of the cause, or at its final hearing, or afterwards, as occasion may require," to make "such order between the parties, for the custody, care and education of the children of the marriage, as may seem necessary and proper," and to "at any time thereafter annul, vary or modify such order." It was the settled law, under the provisions of the Revised Statutes, that alimony could not be awarded after the final decree in an action either for divorce or for a separation, and that a provision in the final decree awarding alimony could not be thereafter changed. It will be observed, however, that the statute expressly provided otherwise with reference to the maintenance of the children, and provision therefor could be made during the pendency of the action before final judgment in the final decree or afterwards, and it might thereafter be annulled, varied, or modified. When the revisers came to incorporate these provisions into the Code of Civil Procedure, they provided in subdivision 2 of section 1759, contained in the article relating to divorces, substantially, and so far as the question now presented is con-

cerned, the same as had been provided previously in said section 45 of the Revised Statutes; and in section 1766, in the article relating to actions for separation, substantially as had been provided in section 54 of the Revised Statutes. But in re-enacting said section 59 of the Revised Statutes in section 1771 of the Code of Civil Procedure, relating to both actions for a divorce and for a separation, they provided that "the court must, except as otherwise expressly prescribed in those articles, give, either in the final judgment, or by one or more orders, made from time to time, before final judgment, such directions, as justice requires between the parties, for the custody, care, and education of any of the children of the marriage"; and, further, that in actions for a separation "the court may, by order, at any time after final judgment, annul, vary, or modify such a direction." It will thus be observed that the express authority to make provision for the support and education of the children after final judgment, which was contained in said section 59, was omitted, and the section was repealed. The revisers' note to section 1771 shows that it was intended to confine the authority of the court to make a provision for the support and education of the children to a provision made at or before the making of the final decree in accordance with the decision of the Court of Appeals in Kamp v. Kamp, 59 N. Y. 212. It thus appears that until the subsequent amendments to the Code there was no jurisdiction in the court to make any provision for the support or education of the issue of the marriage, unless made in the final decree, or by an order before. The subsequent amendments of these sections have not restored the statutory authority for making a provision on this subject after the final decree, where no provision was made in the final decree. They have merely authorized the court, upon the application of either party, upon due notice to the other, to be given in such manner as the court shall prescribe to annul, vary, or modify a direction in this respect contained in the final decree. Code Civ. Proc. § 1771. It was held in the Kamp Case, supra, that where no provision for the support of the wife or children was contained in the final judgment, since that question could have been litigated, it was conclusively presumed to have been decided that no necessity existed for making such provision, and subsequent events could not justify a modification. That decision applies to this decree, and since the only statutory authority is to modify a provision made in the final decree, the court is without power to incorporate a provision in a decree which contains no provision on the subject. If the court had, in the final decree, required the father to contribute any sum, no matter how small, for the support of his children, the court would be authorized, under the provisions of the Code as they existed at the time and still remain, to require him to contribute such further amount as the changed conditions or circumstances require; but, no provision having been made, and the question not having been reserved for future consideration, the decision must be deemed an authoritative determination as between the parties, of course not binding on the children, that there was and could be no necessity for a provision on the subject. The purpose of the Legislature in changing the phraseology of the provision of said section 59 of the Revised Statutes from "may" to "must" in re-enacting the same in section 1771 of the Code ·

of Civil Procedure was not, as might on first reading appear, to make it the mandatory duty of the court to make provision for the issue of the marriage before or in the final judgment in all cases, but rather to render the action of the court in making or refusing to make such provision reviewable on appeal.  See Revisers' Note, Throop's Code, § 1771.  As section 1771 now stands, if the decree can be opened as to the children, it can also be opened as to alimony for the wife, for both depend on the same clause.  This manifestly could not be done.

We are of opinion that in every final decree of divorce or separation not making provision for the maintenance and education of minor children, issue of the marriage, a suitable provision should be incorporated reserving to the court the authority to require suitable provision therefor at any time in the future, and we recommend the universal adoption of this practice.

It follows, therefore, that the order should be affirmed.

O'BRIEN, INGRAHAM, and HATCH, JJ., concur.

VAN BRUNT, P. J.  I dissent.  If the court has neglected to do what it is expressly directed to do, I suppose in the interest of the party wronged by the court, who had no opportunity to insist upon his rights at the time of the making of the decree, the omission may be supplied in furtherance of justice.