WHITE v. WHITE.

(Supreme Court, Appellate Division, Second Department. December 30, 1912.)

1. DIVORCE (§ 324*)—MAINTENANCE OF CHILD.

A provision of a divorce judgment that the wife shall have the care and custody of the child, without providing for its maintenance, did not relieve the husband of his obligation to support the child.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 826; Dec. Dig. § 324.*]

2. DIVORCE (§§ 309, 324*)—MAINTENANCE OF CHILD—PROVISION IN JUDGMENT —FAILURE TO REQUIRE.

The failure of a judgment in a divorce action to require the husband, the unsuccessful party, to support the child, would not prevent the state from subsequently compelling him to do so, either directly or by amending the judgment.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 801, 802, 826; Dec. Dig. §§ 309, 324.*]

3. DIVORCE (§ 309*)—SUPPORT OF CHILD.

Code Civ. Proc. § 1771, as amended in 1908 (Laws 1908, c. 297), provides that the court in a divorce action must, except as otherwise prescribed herein, give in the final judgment, or by orders made before final judgment, such directions as justice requires for the care and maintenance of any children, and that it may, by order at any time after final judgment, annul, vary, or modify such directions, or, in case no such direction shall have been made, amend it by inserting such directions, as justice requires for the care and maintenance of any children. Held, that where the judgment in a divorce action awarded a child to the wife, but did not provide for its maintenance, the court had power to amend the judgment so as to require defendant to support the child, on application made seven years after the judgment by the wife, showing her inability to support it.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 803; Dec. Dig. § 309.*]

4. DIVORCE (§ 6*)—POWERS OF COURT.

Since the court's jurisdiction in divorce cases is wholly statutory, its only powers are those expressly given by statute or those incidental thereto.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 6.*]

5. DIVORCE (§ 309*)—MAINTENANCE OF CHILDREN—"VARY."

The word "vary," as used in Code Civ. Proc. § 1771, authorizing the court, after final judgment in divorce, to annul or vary directions as to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the maintenance of any of the children of the parties, means "to change to something else."

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 803; Dec. Dig. § 309.*]

6. CONSTITUTIONAL LAW (§ 190*)—RETROACTIVE LEGISLATION.

Code Civ. Proc. § 1771, as amended in 1908 (Laws 1908, c. 297), providing that the court may, at any time after the final judgment in divorce, annul, vary, or modify directions for the maintenance of the children, or, if no directions have been made, amend a judgment by inserting such directions as justice requires for their maintenance, is not objectionable as retroactive legislation, merely providing a means for enforcing defendant's obligation as to his children.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 531–533; Dec. Dig. § 190.*]

Appeal from Special Term, Suffolk County.

Action by Mary E. White against William W. White. From an order amending a divorce judgment, and directing defendant to make a weekly payment to support the child, defendant appeals. Affirmed.

See, also, 137 N. Y. Supp. 1149.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Arthur H. Cameron, of New York City, for appellant.

Maurice J. Katz, of New York City (Charles Weishaupt, of New York City, on the brief), for respondent.

WOODWARD, J. [1] The plaintiff sued the defendant for an absolute divorce; the action resulting in a judgment entered on the 31st day of January, 1905. The judgment, among other things, provided that "the plaintiff have the care, custody, and education of Le Roy W. White, the child of said marriage," making no provision for the maintenance of such child or of the plaintiff. This was, in effect, an adjudication that the defendant, as the father of the child, had so far sacrificed the rights of a parent as to be no longer entitled to the general right to support and maintain such child in his own home; but it in no manner relieved him from the obligation which the parent owes to the state to support his own lawful issue, however loosely or inadequately that obligation may be defined. Salomon v. Salomon, 101 App. Div. 588, 590, 92 N. Y. Supp. 184.

[2] Nor could the omission of a provision in the judgment to maintain the child of the marriage operate to estop the state from subsequently compelling the defendant to discharge this obligation, either directly or by means of an amendment of the judgment in the original action upon proper notice. As between the plaintiff and defendant, of course, the judgment is conclusive. By not insisting upon the provisions of law for her own support and maintenance, the plaintiff would be deemed to have waived the right, and the judgment would be construed as an adjudication that there was no necessity for a provision upon the subject. Salomon v. Salomon, supra. But this adjudication is not binding upon the children. Id. It does not abrogate their right to support from the father, at least not when

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the mother is no longer able to afford such support; and the particular manner which the legislative department of the government shall devise for the enforcement of this obligation on the part of the father ought not to be limited, except by express constitutional provisions.

[3] In the case now before us the plaintiff, after supporting herself and child for seven years, asserts that she has become destitute, and that she is no longer able to stand the expense. She has, therefore, moved for an order amending the judgment by adding thereto a direction to the defendant to pay to the plaintiff a reasonable sum for the support of the plaintiff and for the support and maintenance of her child. This motion resulted in an order, entered July 27, 1912, amending the judgment by directing the defendant to pay to the plaintiff $6 per week "permanently, or until the further order or direction of the court," for the support, maintenance, and education of said child; and the only question presented upon this appeal by the defendant from such order is whether the court had power to so amend the judgment.

At the time judgment was entered in the present action, section 1759 of the Code of Civil Procedure provided that, where the action for divorce was brought by the wife, the court—

"may, in the final judgment dissolving the marriage, require the defendant to provide suitably for the education and maintenance of the children of the marriage, and for the support of plaintiff, as justice requires, having regard to. the circumstances of the respective parties, and may, by order, upon the application of either party to the action, and after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, whether heretofore or hereafter rendered, annul, vary or modify such a direction."

This provision, as affecting alimony awarded under judgments heretofore existing, has been held unconstitutional, as taking the property of the plaintiff in her judgment without due process of law. Livingston v. Livingston, 173 N. Y. 377, 379, 66 N. E. 123, 61 L. R. A. 800, 93 Am. St. Rep. 600. It, however, has no relation to. the present case, as there was no provision for alimony, or for the support and maintenance of the child of the marriage, in the final judgment, so that there is nothing to "annul, vary or modify" of "such a direction."

[4] The jurisdiction of the courts of this state over actions for divorce was conferred wholly by statute, and their powers are confined to such as are expressed or may be incidental to the exercise of the jurisdiction conferred. Livingston v. Livingston, supra, 173 N. Y. 377, 380, 66 N. E. 123, 61 L. R. A. 800, 93 Am. St. Rep. 600, and authority there cited. We must look beyond the provisions of section 1759 for the power sought to be exercised in the case at bar.

A similar provision was made by section 1771 of the Code of Civil Procedure, the language being that:

"The court must, except as otherwise expressly prescribed in those articles [relating to divorces, separations and annullments], give, either in the final judgment, or by one or more orders, made from time to time, before final judgment, such directions as justice requires, between the parties, for the custody, care, education and maintenance of any of the children of the marriage, and where the action is brought by the wife, for the support of the

plaintiff. The court may, by order, upon the application of either party to the action after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, annul, vary or modify such directions."

[5] This would authorize the court, no doubt, to make an order annulling, varying, or modifying the order in respect to the custody of the child. It would permit, under proper circumstances, the making of an order allowing the defendant to have the custody of the child a portion of the time, or it might go to the extent of giving the defendant the entire custody of the child, with the incidental duty of maintaining such child, and it would not be a great stretch of construction to hold that the power to "annul, vary or modify such directions" carried with it the power to vary the provision for custody by a condition that this custody should be at the expense of the defendant. "Vary" is defined to be, "To change to something else" (39 Cyc. 1125), and it would seem to be a word of sufficient scope to give the court the power above suggested in the interest of justice.

It does not seem necessary, however, to go to this length in support of the order now before us, for the reason that the Legislature, in 1908 (Laws 1908, c. 297), amended section 1771 of the Code of Civil Procedure, so that it now provides, in a case of the character now under review, that:

The "court may, by order, * * * at any time after final judgment, annul, vary or modify such directions, or in case no such direction or directions shall have been made, amend it by inserting such direction or directions as justice requires for the custody, care, education and maintenance of any such child or children in such final judgment or order or orders."

[6] This provision was enacted in 1908, and was obviously designed to meet just such a situation as we have before us, if it be assumed that the power to "annul, vary or modify such directions" does not permit of a variance of a provision in the judgment for the custody of the child such as above suggested, and to make effective what was evidently intended in the original statute, for it will not be presumed that the Legislature ever intended that the innocent children of a marriage should be deprived of their right to support and maintenance by the father, simply because the mother, in conducting an action for divorce, was content to accept a judgment without provision for her own or her children's support. "It may be said," to quote the language of the United States Supreme Court in the case of Blount v. Windley, 95 U. S. 173, 180 (24 L. Ed. 424), "that this legislation is retroactive; and, as applied to the case before us, it is so. But there is no constitutional inhibition against retrospective laws. Though generally distrusted, they are often beneficial, and sometimes necessary. Where they violate no provision of the Constitution of the United States, there exists no power in this court to declare them void." This is not a case in which alimony has been fixed and determined by a final judgment. It involves no rights of the parties to the action, but concerns the right of the child of the marriage between the parties, and it does not come within the reason of the rule which condemns retroactive legislation. "Upon principle," says Mr. Justice Story in Society for Propagating

the Gospel v. Wheeler, 2 Gall. 139, Fed. Cas. No. 13,156, "every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective." See Sturges v. Carter, 114 U. S. 511, 519, 5 Sup. Ct. 1014, 29 L. Ed. 240.

The act of 1908 (chapter 297) took away no vested right of the defendant. He could have no vested right in a judgment in favor of his wife, in which she had merely neglected to impose upon him the mandate of the court to provide for the support of the child of the marriage. The act did not impose any new obligation. The obligation to care and provide for children is imposed by the contract of marriage, and becomes operative upon the birth of every legitimate child. It is obvious that it created no new duty, and that it attached no new disability in respect to transactions or considerations already passed. It simply provided a means of enforcing the duties and obligations which the defendant owed to the child of the marriage, and is no more to be criticised as retrospective legislation than would be an act of the Legislature which should declare that every father of a legitimate child should provide for his support, notwithstanding that the custody of such child had been taken away by the court for any reason whatever.

The judgment of divorce in the case now before us could not be urged against such a statute. The act would merely continue the duty and obligation accepted in entering into the marriage contract, and no good reason suggests itself to our mind why the same result may not be reached properly by means of an order, on proper notice to the party to be affected, in the action, even though the legislation authorizing such proceeding was enacted after the judgment had become final as between the parties thereto. It gave a new remedy to the state for enforcing a right which it had all the time possessed, namely, the right to compel the father of a legitimate child to provide for its support and maintenance. Sturges v. Carter, 114 U. S. 511, 518, 5 Sup. Ct. 1014, 29 L. Ed. 240. Because the defendant has been permitted to escape the obligations of parenthood for a period of seven years does not give him a vested right to continue to do so, and we are clearly of the opinion that the court was authorized by the provisions of section 1771 of the Code of Civil Procedure to amend the judgment and to enforce the obligations which the defendant owed to the child of the marriage and to the state.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.