(92 Misc. Rep. 579)

KOEHL v. KOEHL.

(Supreme Court, Special Term, Erie County.   November, 1915.)

1. DIVORCE ⬤⟿59—ACTION FOR SEPARATION—JURISDICTION—STATUTE.
   The jurisdiction of the courts of the state over matrimonial causes is not inherent, but is conferred solely by statute, which statutory power they cannot exceed.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 200–204; Dec. Dig. ⬤⟿59.]

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. DIVORCE ⬅️234—SEPARATION—JUDGMENT—ALIMONY—STATUTE.
   Code Civ. Proc. § 1759, subd. 2, empowering the court to modify any directions for alimony, even after final judgment has been entered, applies only to an action for divorce, and, where no provision for alimony is contained in the final judgment, the court cannot subsequently insert such a provision.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 663; Dec. Dig. ⬅️234.]

3. DIVORCE ⬅️234—JUDGMENT OF SEPARATION—SUBSEQUENT APPLICATION FOR SUPPORT—STATUTE.
   Under Code Civ. Proc. § 1766, providing that in the final judgment of separation the court may give such directions as the circumstances require, and may compel defendant to suitably provide for the plaintiff's support and for the education and maintenance of the children, and section 1771, providing that the court either in the final judgment or by orders before final judgment shall give such directions as to the wife's support as the case may require, and, on application after final judgment, may modify such directions, or if no directions have been made amend it by inserting such directions for the custody, etc., of children, final judgment of separation, without provision for alimony, cannot be changed by a later order of court.

   [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 663; Dec. Dig. ⬅️234.]

Action by Matilda A. Koehl against Robert J. Koehl. Plaintiff's motion to amend judgment of separation by allowing provision for her support denied.

Setel & Rhumizen, of Buffalo, for plaintiff.
Simon Fleischmann, of Buffalo, for defendant.

MARCUS, J. This action is before the court on an application by the plaintiff for an amendment of the judgment of separation granted herein to her against the defendant May 20, 1907. This motion is made herein asking that provision for her support be inserted in the judgment. This action was tried in April, 1907, before Mr. Justice Pound. There was no provision in the decision for its later amendment in case of a change in the situation of the parties, nor was there any such provision in the judgment. On the contrary, both decision and judgment expressly omit any allowance to the plaintiff. The question of plaintiff's alimony had also been before Mr. Justice Pound in October, 1906, when he denied the plaintiff's motion for alimony pendente lite.

It is urged on the part of the petitioner that the single question presented to this court is whether or not the plaintiff who was granted a judgment of separation from her husband, which judgment contained no provision for her support, can later apply to the court and compel her husband to give her the support to which she insists she is entitled. The defendant contends that the court, in view of the circumstances, is without power to grant the motion of the plaintiff.

There are two sections of the Code of Civil Procedure which apply to this situation, namely, section 1766 and section 1771:

"Sec. 1766. Where the action is brought by the wife, the court may, in the final judgment of separation, give such directions as the nature and circum-

stances of the case require. In particular, it may compel the defendant to provide suitably for the education and maintenance of the children of the marriage, and for the support of the plaintiff, as justice requires, having regard to the circumstances of the respective parties.     *     *     *"

"Sec. 1771. *Custody and Maintenance of Children, and Support of Plaintiff.* —Where an action is brought by either husband or wife, as prescribed in either of the last two articles, the court must, except as otherwise expressly prescribed in those articles, give, either in the final judgment, or by one or more orders, made from time to time, before final judgment, such directions as justice requires, between the parties, for the custody, care, education, and maintenance of any of the children of the marriage, and where the action is brought by the wife, for the support of the plaintiff. The court may, by order, upon the application of either party to the action, after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, annul, vary or modify such directions, or in case no such direction or directions shall have been made, amend it by inserting such direction or directions as justice requires for the custody, care, education and maintenance of any such child or children in such final judgment or order or orders."

In both of these sections it must be observed that in an action for separation provisions for the support of the wife are to be either in the final judgment or in one or more orders entered before the final judgment. And, further, that the power of the court to amend the final judgment in separation extends only to inserting in it a provision for the care, education, and maintenance "of the children."

[1] It has frequently been held that the jurisdiction of the courts of this state over matrimonial actions is not inherent, but is conferred solely by statute. The courts cannot exceed their statutory power, because without the statute they have no power in the matter. Salomon v. Salomon, 101 App. Div. 588, 92 N. Y. Supp. 184, followed in 110 App. Div. 887, 96 N. Y. Supp. 1144; Kamp v. Kamp, 59 N. Y. 217; Burtis v. Burtis, 1 Hopk. Ch. 557, 14 Am. Dec. 563; Griffin v. Griffin, 47 N. Y. 136.

[2] Section 1759 of the Code gives power to the court, in subdivision 2, to modify any directions for alimony, even after final judgment has been entered, but this applies only to an action for divorce; and even under this section the court has held that, where no provision for alimony is contained in the final judgment, the court is powerless to subsequently insert such a provision for the wife. Salomon v. Salomon, 101 App. Div. 588, 92 N. Y. Supp. 184; White v. White, 154 App. Div. 250, 251, 138 N. Y. Supp. 1082.

[3] There are many cases in the state holding that when a final judgment of separation has been entered, without provision for alimony, it cannot be changed by a later order of the court. Erkenbrach v. Erkenbrach, 96 N. Y. 456; Cullen v. Cullen, 55 N. Y. Super. Ct. 346; Salomon v. Salomon, 101 App. Div. 588, 92 N. Y. Supp. 184; White v. White, 154 App. Div. 250, 138 N. Y. Supp. 1082; Anderson v. Cullen, 8 N. Y. Supp. 643.

The Erkenbrach Case, above, reviewed, at length, the statutes upon this question:

"The question presented by this appeal is whether a court has power, after the entry of a final decree in an action for a limited divorce, establishing a cause of action in favor of the wife, to order an additional allowance for her support. The question is purely one of construction, and depends entirely

upon the effect which shall be given to the several statutory provisions relating to the subject. The courts in this state have no common-law jurisdiction over the subject of divorces, and their authority is confined altogether to the exercise of such express and incidental powers as are conferred by the statute. Revisers' notes, vol. 5, Statutes at Large, p. 399; [Burtis v. Burtis] 1 Hopk. Ch. 557; Griffin v. Griffin, supra; Davis v. Davis, supra; Kamp v. Kamp, supra.

"The question comes back to the interpretation of our own statute. No case has been cited in our courts where an application for an allowance for the support of the wife after final decree has been made, except in the case of Kamp v. Kamp, where the allowance was refused.

"The statute carefully defines the various causes for which a divorce may be allowed, the relief which may be granted in such actions during the pendency thereof and by its final decree, and the cases in which the courts may make further orders. The Legislature has assumed to legislate upon the subject which is involved in this appeal and has defined the purposes for which an order may be made by the courts after final decree.

"By expressly authorizing an order to be made after judgment, providing only for the 'care, custody and education of the children of the marriage,' it has impliedly prohibited such an order for any other cause. The maxim of, 'Expressio unius est exclusio alterius,' has uniformly been applied to the construction of statutes in our decisions, and seems to govern this case.

"The order made by the General Term, referring the petition back to a referee to ascertain and report a suitable and proper allowance for the care, custody, and education of the children, was authorized by the statute, and should be affirmed. The care, custody, and education of children naturally requires expenses to be incurred for the accomplishment of the objects contemplated by the statute, the provision for those expenses, among other things, was undoubtedly within the intention of the Legislature in framing that provision."

It is true that the provisions relating to divorce and separation were similar when the opinion in Erkenbrach v. Erkenbrach was written. At the present time, section 1759, relating solely to divorce, gives the court authority to annul, vary, or modify provisions for the support of the wife, after judgment; but the courts have held, as has been seen, that no such provision can be inserted where such provisions were not contained in the judgment in the first place, and under section 1771 the court has power to make such provisions only and solely for the children. However narrow this view may appear, it seems well settled by authority.

Attention is called by the plaintiff to the case of Tonjes v. Tonjes, 14 App. Div. 542, 43 N. Y. Supp. 941, decided in the Second Department in 1897. The decision in that case was that, inasmuch as the judgment of separation had reserved the right in the court to change the alimony according to any change in the status of the parties after the entry of judgment, the court still had jurisdiction to amend the judgment in accordance with the reservation. But in this case, as already pointed out, there is no such provision; and, in view of the authorities, it must be apparent that the statement as to the inherent power of the court to change alimony, where there was no reservation in the final judgment, was obiter dicta. Moreover, section 1771 has been radically amended since the Tonjes Case, by incorporation therein of the following:

"Or in case no such direction or directions shall have been made, amend it by inserting such direction or directions as justice requires for the custody,

care, education and maintenance of any such child or children in such final judgment or order or orders."

The case of Salomon v. Salomon, 101 App. Div. 588, 92 N. Y. Supp. 184, is several years later than the Tonjes Case, above cited, and there the court holds squarely, as contended by the defendant, that, where the final judgment makes no provision for maintenance, the court is without power to subsequently amend the decree by incorporating therein a provision for the support and maintenance even of children. In that case Mr. Justice Laughlin said:

"If the court had in the final decree required the father to contribute any sum, no matter how small, for the support of his children, the court would be authorized * * * to require him to contribute such further amount as the changed conditions or circumstances require, but no provision having been made, and the question not having been reserved for future consideration, the decision must be deemed an authoritative determination as between the parties, of course not binding on the children, that there was and could be no necessity for a provision on the subject."

This rule was followed in the case of White v. White, 154 App. Div. 250, 138 N. Y. Supp. 1082. That was an action for divorce, and the judgment awarded the custody of a child to the wife, but made no provision for the support of the child or the plaintiff wife. In that action it was said:

"As between the plaintiff and defendant, of course, the judgment is conclusive; by not insisting upon the provisions of law for her own support and maintenance, the plaintiff would be deemed to have waived the right, and the judgment would be construed as an adjudication that there was no necessity for a provision upon the subject."

In that case provision was made for the support of the child. No provision was made for the plaintiff, and the case was decided on the provisions of the Code as they now stand.

Since the jurisdiction in all matrimonial actions is alone derived from the statutes relating to the subject, the court in administering the same can only exercise such jurisdiction as the statute confers or such as is necessarily incidental to the exercise of the power conferred, which therefore excludes and withdraws from the court relief such as might be done were the application made to a court of equity.

Motion denied, without costs.