<hr />

(3 Misc. Rep. 550.)

## McQUHAE v. REY.

(Common Pleas of New York City and County, General Term. May 8, 1893.)

LIABILITY OF HUSBAND—LEGAL SERVICES RENDERED WIFE.

A husband is not liable for legal services rendered his wife in a criminal prosecution to compel him to support her; such services being unnecessary, in that the prosecution is by the people, and counsel to conduct such prosecution is provided by law. 22 N. Y. Supp. 175, affirmed.

Appeal from city court, general term.

Action by John C. McQuhae against Samuel Rey to recover for legal services rendered defendant's wife by plaintiff's assignor. From a judgment of the general term of the city court (22 N. Y. Supp. 175) reversing a judgment for plaintiff, he appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

L. A. Gould, for appellant.
Fromme Bros., for respondent.

BISCHOFF, J. We are of opinion that this cause was properly disposed of by the general term of the court below, and that its judgment should be affirmed. Incidentally the wife may be the only person who derives any immediate advantage from proceedings instituted before a police magistrate under the provisions of sections 1454-1457 of the consolidation act (Laws 1882, c. 410) and section 899 of the Code of Criminal Procedure to compel the husband to provide for his wife's support, but primarily such proceedings are instituted and prosecuted by and in behalf of the people, to secure indemnity from the husband for the expense of the wife's support, to which they have been or may be subjected because of his failure to provide her with sufficient means. Her status in such proceedings is that of a witness only. Nor does the wife's right to be represented by counsel in the prosecution of the proceedings alone determine the husband's liability for the expense of counsel fees incurred by her. Assuming that she has the right, it still remains to show that the services of private counsel employed by the wife were necessary for the institution and proper prosecution of the proceedings. That she deemed it prudent to seek advice from and

to be represented by counsel of her own selection still falls short of proving that it was necessary for her to do so. In the case at bar it appears unchallenged that the proceedings were instituted and prosecuted by the commissioners of charities and corrections in the city of New York, who for that purpose were exclusively represented by an assistant corporation attorney of said city, the latter being thereunto legally designated. Not a scintilla of evidence is apparent from the record from which the necessity for the employment of private counsel by defendant's wife for the purposes of the prosecution may be inferred, and upon that ground each of the cases cited by appellant's counsel in support of the contention that plaintiff is entitled to a recovery is distinguishable from the present. Justly to subject the husband to the payment of debts contracted by his wife it must appear not only that the goods supplied or the services rendered were of a kind usually called "necessaries" from the fact that their need is general, but that they were reasonably required in the particular instance for which the husband is sought to be held. Bloomingdale v. Brinckerhoff, (Com. Pl. N. Y.) 20 N. Y. Supp. 858. Judgment of the general term of the court below affirmed, with costs. All concur.