to enter into the building-loan agreement, but that for some reason,. and precisely what does not appear, the defendant declared the transaction off before the completion of this particular instrument, and thereafter alleged as a reason for nonperformance that the property had been sold to other parties. Whether this was so or not, the defendant testified on the trial that he was then the owner of the premises in question. If the defendant is to be permitted to escape liability by a summary dismissal of his customer after the minds of the parties have met, then there might be created a condition where the broker would under no circumstances be entitled to his commission, and there would soon be an end to all contracts through the instrumentality of the agent, and brokers would not be found looking for principals to buy or sell. The law, however, has long since become settled in matters of this kind, and brokers have become a necessary means to the originating or carrying out of operations, both large and small, and few transactions are to-day carried on without their agency and active co-operation. It is necessary that some limit be put to the caprice of the principal; otherwise, for any reason whatever, he might, at any stage in the transaction, whether before or after negotiations had been completed, summarily dismiss the broker with the naked declaration that the deal was off, and deprive the latter of his justly-earned compensation. In this case, then, the broker having found a responsible purchaser who came to an agreement with the latter, he performed his contract with his principal, and could not, therefore, be deprived of his commissions. The record presents to our mind nothing which calls for an interference with the determination reached at the trial term, and the judgment and order appealed from must be affirmed, with costs.

Judgment and order affirmed, with costs.

O'DWYER, J., concurs.

---

(35 Misc. Rep. 391.)

HAMPTON & B. R. & LUMBER CO. v. SIZER et al.

(City Court of New York, General Term. June, 1901.)

REPLEVIN—JUDGMENT—EXPENSES.

In replevin by a corporation to recover certain of its personal property and damages for its unlawful detention, counsel fees and traveling expenses of the president of the corporation made necessary by the litigation are not recoverable as damages.

Appeal from trial term.

Action by the Hampton & Branchville Railroad & Lumber Company against Robert R. Sizer and the American Surety Company. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed conditionally.

See 64 N. Y. Supp. 553.

Argued before FITZSIMONS, C. J., and O'DWYER and HASCALL, JJ.

Eustace Conway, for appellant Sizer.

Henry C. Willcox, for appellant American Surety Co.

Willis B. Dowd, for respondent.

PER CURIAM. The record in this case shows that the plaintiff was the owner of the lumber in question, and entitled to its possession, as against the defendants, in whose possession it was at the time of the commencement of the action. The action is to recover possession of personal property, and for damages for its unlawful detention, and we are satisfied from the evidence in the case that the plaintiff is entitled to that relief. On the trial, however, against the objection of the defendants, the plaintiff was permitted to prove as damages expenses incurred as railroad fares by its president on several trips made to New York, occasioned by reason of the pendency of this litigation, and amounting to the sum of $240, together with an expense incurred for counsel fees herein amounting to $304; and the jury, by their verdict, have specifically allowed the sum of $304 as damages for lawyer's fees, and $240 as damages for railroad fares. We are of opinion that the plaintiff is not entitled in this action to either one of those items, and that the judgment must be modified accordingly. Under the complaint in this action the plaintiff is entitled to recover possession of the property sued for, or, if possession thereof cannot be had, then its value at the time of the trial, together with damages for its unlawful detention, and no more; and, in the absence of other evidence of such damages, legal interest upon the value will be the amount thereof. It follows that the judgment must be reversed, and a new trial ordered, with costs to appellants, to abide the event, unless within 10 days the plaintiff stipulates to reduce the judgment entered herein by deducting therefrom the sum of $304 allowed as damages for lawyer's fees, and $240 allowed as damages for railroad fares, with the extra allowance thereon of 5 per cent., in which event the judgment and order appealed from are affirmed, without costs.

Judgment reversed, and new trial ordered, with costs to appellants to abide event, unless within 10 days plaintiff stipulates to reduce the judgment by deducting therefrom $304 allowed as damages for lawyer's fees, and $240 allowed as damages for railroad fares, with extra allowance of 5 per cent., in which event judgment and order affirmed, with costs.