HARRY SIEGEL, Respondent, *v.* ELY J. RIESER, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1916).

Contracts — compliance with conditions therein — rights of parties to conditional sale — vendor and vendee — sales — evidence — Personal Property Law, § 65.

While under section 65 of the Personal Property Law a contract for the sale of certain restaurant fixtures and labor and materials as per specifications and plans attached, which provides that, on failure to pay any note or an installment of the purchase price when due, all notes or installments remaining unpaid shall immediately become due and the vendor be entitled to the immediate possession of the property and also that as a considerable portion of the purchase price represented labor, time and expense in placing the fixtures, which would be

entirely lost and of no value if they were retaken by the vendor, all payments made prior to that time should belong to the vendor as liquidated damages for the use of the chattels, is a contract of conditional sale of the fixtures, it is not such a contract so far as it covers labor and material furnished to prepare the premises to receive the fixtures and not incorporated therein.

The parties to the contract of conditional sale had no right to waive the provision of said section 65 that in case the articles were retaken by the vendor they should be retained for thirty days during which the vendee might comply with the contract, and that the vendor might sell such articles at public auction.

While the court will refuse to enforce the clause of the contract by which the vendee agreed that the vendor might retain payments made as liquidated damages and by which he waived the benefit of the statute in case of a retaking of the articles and a sale thereof at public auction, still the vendor had the right to apply payments made, upon labor and expenses incurred in placing the fixtures, and the '' amount paid '' on the articles sold was only the surplus above the payments properly so applied, and in an action to recover the amount of payments made under the contract the vendee was only entitled to recover the surplus beyond the reasonable value of the labor and materials furnished to him and lost to the vendor.

After the vendee had made certain payments and had either abandoned or lost control of the premises the vendor who had performed his part of the contract assumed dominion over the chattels and about sixty days thereafter bought them in at a sale at public auction to enable him to carry out an agreement to sell them previously made.  Held, that as the statute does not prevent a conditional vendor from disposing of his title either before or after retaking, the agreement to sell at private sale could not affect the validity of the sale at public auction.

While the contract to sell at private sale was some evidence that the sale at public auction was a fiction it did not as matter of law show that said sale was not a sale.

APPEAL by the defendant from a judgment of the City Court of the city of New York entered upon a directed verdict and from an order denying defend-

Supreme Court, Appellate Term, December, 1916. [Vol. 97.

ant's motion to set aside the verdict and for a new trial.

Joseph G. Abramson (C. Bertram Plante, of counsel), for appellant.

Abraham Grenthal (Sidney R. Lash, of counsel), for respondent.

L<small>EHMAN</small>, J. The defendant, on or about the 24th day of April, 1914, made a contract with the plaintiff for the conditional sale of certain chattels. The contract was apparently made on a printed form and provided, among other things, that the plaintiff has ordered " the following mentioned goods.

"A deposit is required on all orders. Restaurant fixtures and labor and material as per specifications hereto attached and plans approved. * * * Price Three Thousand Dollars. * * * Goods to be delivered and erected on the 25th day of May, 1915. * * *.

" On failure to pay any note or cash instalment when same becomes due, then all notes and instalments remaining unpaid shall immediately become due, and said Company shall be entitled to the immediate possession of the property herein described (and whereas a considerable portion of the above purchase price represents labor, time and expense in placing said fixtures in my premises which is entirely lost and of no value in the event that you retake the same, in the event of you so retaking said chattels as aforesaid all payments that may have been made by me prior to that time on account of the purchase price for said chattels, shall belong to you as liquidated damages for the use of the said chattels by me up to that time), and I do hereby expressly waive all benefits that I may have by reason of Chapter 418 of the Laws of

1897, and I agree that it shall not be necessary for you in the event of you retaking the said property after a default on my part to hold for thirty days or to sell same at public auction for my benefit, but upon such default said property shall belong to you absolutely without any right of redemption to me.   *   *   *

" The undersigned agrees to keep said chattels insured from loss by fire for not less than $3,000. from the delivery thereof until the principal sum herein is paid, the benefit to be payable to said Company, and in default thereof said Company may insure same at the cost of the undersigned.   *   *   *

" It is agreed that the foregoing shall constitute a conditional sale of said chattels to the undersigned, and that there are no precedent or contemporaneous conditions not stated herein."

Attached to the contract were the specifications for labor and material which show that the defendant was required to do considerable work to prepare the premises for the fixtures, including the erection of fireproof partition walls, columns, etc. The defendant complied with this contract and the plaintiff made payments of $1,580. On September fourteenth the defendant entered on the plaintiff's premises and assumed dominion over the fixtures. There is no direct evidence to this effect, but it would appear that the plaintiff either abandoned the premises or lost control of them before that time. On the twenty-fourth day of September the defendant entered into an agreement with the landlord of the premises by which he agreed that for and in consideration of the sum of $800 " I *   *   * do hereby sell, assign, transfer and set over unto *   *   * party of the second part his heirs and assigns all my right, title and interest in and to certain chattels, fixtures and appurtenances which I have

heretofore installed and which are now in the basement of the premises known as NO. 116 Nassau Street, Manhattan, New York City to have and to hold forever." The agreement provided that the sum of $800 was to be paid in instalments beginning on November 14, 1915, and the defendant agreed to make some alterations in the fixtures.

The defendant produced some testimony that thereafter, on November 10, 1915, the defendant herein had the fixtures sold at public auction and bought them in for the sum of $750.   The evidence as to whether the plaintiff had received notice of this sale was controverted and the trial justice submitted to the jury only the question of whether such service was made.   Both parties agreed that upon the coming in of this special verdict the trial justice should decide all other questions of law or fact.   The jury decided that the plaintiff had received personal notice of this sale.   The trial justice, however, decided that in spite of this fact the plaintiff was entitled, under section 65 of the Personal Property Law, to recover all the moneys paid by him on the contract.   In his opinion he states: " Sale by private arrangement ten days after the retaking was premature and immediately subjected the vendor to liability to repay the instalments paid in by the vendee under the contract.   The form of a subsequent auction sale to another purchaser cannot avail the defendant."

Under section 65 of the Personal Property Law wherever the vendor under a conditional contract of sale, or his successor in interest, retakes the articles sold " they shall be retained for a period of thirty days from the  time of such retaking, and during such period the vendee or his successor in interest may comply with the terms of such contract, and thereupon

receive such property." After the expiration of that period the vendor or his successor in interest may cause such articles to be sold at public auction. Unless such articles are so sold within thirty days after the expiration of this period, the vendee may recover *"the amount paid on such articles"* under the contract for the conditional sale thereof. Upon this appeal we must consider *first*, whether the contract was a conditional contract of sale within the meaning of this section; *second*, whether, if it was a conditional contract of sale, the vendee could waive the benefit of this section; *third*, whether the amount paid to the defendant under this contract was the "amount paid on such articles," within the meaning of the section; *fourth*, whether the defendant has sold these articles at public auction not less than thirty days nor more than sixty days after he retook them.

There can be no question but that the contract in question, so far as it covers the articles retaken, was a conditional contract of sale. It was, however, more than a conditional contract of sale; it covered "restaurant fixtures *and labor and materials as per specifications and plans attached to the contract.*" The restaurant fixtures were chattels and under this contract they remained chattels as between the parties. Moreover, they were apparently trade fixtures, and even, as against the landlord, they did not lose their character as chattels. The contract, however, included labor and material as per specifications and plans. This "labor and material" was in a sense incidental to the sale of the chattels. They were furnished in order to prepare the premises to receive the fixtures, but they were labor and materials not applied to and incorporated into the chattels, but into the realty. Such labor and materials could not become the subject

44

of a conditional sale and could not be retaken. So far as the contract covered labor and materials not incorporated into the fixtures, it was, therefore, not a contract of conditional sale. It is true that the contract itself provides " it is agreed that the foregoing shall constitute a conditional sale of said chattels," but the clear meaning of this clause is that the parties agreed, not that the contract was to be regarded *only* as a conditional sale of the chattels, but merely that it should " constitute a conditional sale of the chattels " in so far as it applied to the chattels. Section 65 of the Personal Property Law applies to all " articles " that are sold " upon the condition that the title thereto shall remain in the vendor," and that section clearly applies to the " chattels " covered by this contract, although the contract also covers other matters.

The defendant, however, claims that, in view of the fact that the contract and the contract price covered also labor and materials which, by the express terms of the contract, are " entirely lost and of no value " if the articles are retaken, the parties had a right to waive in their contract the benefit of section 65 of the Personal Property Law. That contention seems to me unsound. The legislature, to prevent wrong and oppression, has given the vendee under the conditional contract of sale certain rights. The courts have uniformly held that the legislative purpose cannot be accomplished if the parties are permitted to make a contract of sale in which the vendee waives, in advance, the rights which the legislature has deemed necessary to provide for his protection. This protection should not be whittled away by exceptions to the general rule and a vendor should not have the power to obtain a waiver from the vendee merely because he has seen fit to include in one contract a conditional sale and an agreement to furnish labor and materials.

On the other hand, the parties had a right to make either two contracts for these two matters or to combine both into one contract and fix one price for both. These parties have chosen to include the sale of the chattels and the agreement for labor and materials in one contract and at one contract price. They have, however, expressly provided that " a considerable part of the above purchase price represents labor, time and expense in placing said fixtures  *  *  *  which is entirely lost and of no value " in the event of retaking. It would be manifestly unjust to hold that a waiver of the provisions of section 65, though made expressly in view of these circumstances, is contrary to public policy and unenforcible, and at the same time to hold that the entire contract price is the amount " *paid on such articles* " and that the plaintiff has the right to recover such entire price. It seems to me that, though we should refuse to enforce the clause of the contract by which the plaintiff agreed that the defendant might retain the payments made as liquidated damages and by which the plaintiff waived the provisions of section 65 of the Personal Property Law, yet the defendant has a right to apply payments made under the contract in accordance with the evident intent of the parties in the first instance to the payment for the labor and expense incurred in placing the fixtures and that the " amount paid " on the articles sold is only the surplus above the payments properly so applied. The plaintiff should, therefore, be required to prove that he has paid more than the reasonable value of the labor and materials furnished to him and lost to the defendant, and is entitled to recover only the surplus.

For this reason a new trial will be necessary, and I deem it proper to point out for the purposes of such

new trial that we do not concur with the view of the trial justice that, as a matter of law, the defendant has failed to sell the articles at public auction as required by the statute, because he had previously made a private sale of these articles. The statute merely provides that, after the goods are retaken by the vendor or his successor in interest, '' they shall be retained '' for thirty days to give the vendee the opportunity to carry out his contract, and within thirty days after the expiration of this time they may be sold at public auction. The object of the statute seems to be clear. It gives a vendee thirty days to reclaim his property and compels the vendor to have the value of the property fixed by public auction and apply the amount received toward the payment of the contract price. If the defendant has, at private sale, disposed of these chattels absolutely, in such a manner that he could not thereafter deliver them to the plaintiff, even if the plaintiff complied with his contract within thirty days, and that he could not give title to a purchaser who might buy them at a sale at public auction, then I think that the trial justice is clearly right in holding that the alleged public auction was a mere fiction and that the defendant is bound to repay to the plaintiff the amount which the plaintiff has paid on the chattels. The statute requires a sale by the vendor or his successor in title at public auction, and there can be no sale where the seller has neither title nor authority to sell. On the other hand, the trial justice is incorrect in his conclusion if the so-called sale to the landlord did not pass title or right of possession to the landlord; and if the defendant, in spite of his so-called sale, retained a power to dispose of the goods as provided by the statute, then the so-called sale could not affect the validity of the subsequent auction

sale. In other words, the statute does not prevent a conditional vendor from disposing of his title either before or after retaking, provided he or his successor in title can and does thereafter comply with the statute. The so-called sale by the conditional vendor is somewhat peculiar in form. It purports to transfer to the assignee all the defendant's right, title and interest to the chattels, yet it thereafter provides that the " ownership and title " to the chattels " shall be and continue to remain in Ely J. Reiser & Co. as at present " until the purchase price is paid, and it stipulates for the payment of the first instalment exactly sixty days after the date of the retaking. The contract does not provide when the chattels shall be delivered to the purchaser and there is no evidence that they were to be delivered until after the first payment. There is no claim and no evidence that the defendant did not in fact retain the goods until the auction sale, and if at the time of the auction sale he still retained a conditional title and ownership, as well as possession of the goods, he could have transferred the goods to a purchaser at the auction sale, even though by so doing he might have subjected himself to a suit for damages by the landlord. The entire transaction is open to the construction that the defendant, having legal title to the goods, desired to obtain from the landlord, to whom the goods would be of peculiar value, a contract for their sale if the defendant bought the goods at public auction. He had an undoubted right to transfer his conditional title, subject to the obligation to sell them at public auction, and he had an undoubted right to agree in advance to transfer possession of these goods after he bought them at public auction and with intent to purchase them at said auction. If he thereafter sold the goods at public auction and bought them

in for the purpose of putting himself in a position to comply with the contract with the landlord, he has complied with the letter and spirit of the statute. At most the assignment or sale to, or contract with, the landlord, is some evidence that the subsequent sale was a fiction, but it certainly does not, as a matter of law, show that the subsequent auction was not a sale and, standing alone, it would not even allow an inference of fact to be drawn that there was no subsequent sale.

Judgment should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

WHITAKER and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.