In the Matter of the Application for the Support of ELIZABETH McMURRAY, a Poor Person.

County Court, Cattaraugus County, January 18, 1928.

**Poor persons — proceeding, under Code of Criminal Procedure, § 915, to compel relatives of poor person to pay for support — persons against whom proceedings were instituted and against whom order was issued, are liable, under Code of Criminal Procedure, § 919, for costs and expenses of application — attorney's fees properly allowed.**

In proceedings instituted under section 915 of the Code of Criminal Procedure to compel relatives of a poor person to pay for her support, the court may, under section 919 of the Code of Criminal Procedure, upon making an order requiring payment, require the person against whom the proceeding is instituted to pay the costs and expenses of the application.

While the statute does not specifically provide for an allowance for attorneys' fees as a part of the costs and expenses, nevertheless, where, as in this case, the town does not hire a regular attorney at a fixed salary, the attorney' fees are properly chargeable as a part of the costs and expenses and must be paid by the persons against whom the proceedings are instituted.

APPLICATION by overseer of the poor to compel sons to contribute toward the support of their mother.

*James S. Pierce*, for the petitioner, overseer of poor, town of Franklinville.

*George Essrow*, for the respondents John McMurray and others.

BLACK, J.   The above proceedings were brought by the overseer of the poor of the town of Franklinville, Cattaraugus county, N. Y., to compel three sons of Elizabeth McMurray to contribute toward her support.   The history of the proceedings is set forth in the memorandum heretofore made by this court on August 22, 1927. An order was made and entered based upon said memorandum and decision which provided that the sons should contribute certain sums toward the support of their aged mother, and that the sons should pay the costs and expenses of the proceedings as provided by section 919 of the Code of Criminal Procedure.   The petition presented for allowance items of miscellaneous disbursements and expenses amounting to forty-four dollars and thirty cents, and for

expenses of employing an attorney one hundred and twenty-five dollars. The miscellaneous disbursements and expenses were allowed at twenty-six dollars and thirty cents, there being eighteen dollars of the items which were disallowed as the purpose thereof was stated too indefinitely in the affidavit filed; the expense of hiring attorney was allowed at seventy-five dollars, making a total for costs and expenses of one hundred and one dollars and thirty cents. When the order was entered, it merely stated that the " costs and expenses " were allowed and fixed at one hundred and one dollars and thirty cents, not separating the expense for attorney's fees from the other expense. The defendants ask that the order be resettled and modified by specifying the amount allowed as expenses for attorney's fees as set forth in the decision. The defendants maintain that the court had no authority under section 919 of the Code of Criminal Procedure to allow the petitioner any expense for attorney's fees. On the hearing of the motion the petitioner maintained that such allowance was proper and asked for the allowance of the eighteen dollars additional expense which was cut out of the former order, and filed additional affidavit and proof as to the necessity of such expenditure in the conduct of the hearing.

Section 919 of the Code of Criminal Procedure provides as follows: " The cost and expenses of the application must be ascertained by the court, and paid by the relatives against whom the order is made; and the payment thereof, and obedience to the order of maintenance, and to any order for the payment of money, may be enforced by attachment." This section does not specifically provide for the allowance of any attorney's fees and the question is what the words " cost and expenses " in this section mean and more particularly what the word " expenses " means, and whether it covers the expense of hiring an attorney.

The word " expense " means expenditure, outlay or disbursements of money. (12 Am. & Eng. Ency. of Law [2d ed.], 394; Century Dict.)

In *Matter of Turrell* (63 Misc. 502) the meaning of the term " expense " was discussed by Judge WHEELER, Justice of the Supreme Court, at Erie County Special Term. The statute under consideration in the *Turrell* case was not the same statute as the one under consideration in this case but was under a drainage act (Chap. 888, Laws of 1869, as amd. by Laws of 1901, chap. 523). Section 8 of that act provides that the commissioners " shall keep an account of all their *expenses* and of all the *costs* and *expenses* incurred in draining said lands, including all the costs and expenses incurred in any proceedings under this act and preliminary or

incident thereto, and any land damages as hereinafter provided, all of which shall be a lien upon the property benefited." Section 10 provides: "The said commissioners shall, as soon as said *costs, expenses*, land damages and compensations, hereinbefore provided for, can be determined and ascertained, make a complete and detailed statement thereof, * * *." The landowners objected to the item of expenditure of $1,582.16 for attorneys' fees in the proceeding. The court, in discussing the meaning of the term "expense" under that statute as bearing upon the question of allowance of attorneys' fees, said (at p. 510): "The statute nowhere, in express terms, provides or authorizes the employment of legal counsel and attorneys to advise and assist the commissioners in the discharge of their duties; but it must be manifest that such a commission must be in constant need of the service of competent lawyers to assist them in drafting the necessary legal papers and counseling the commissioners as to the manner of properly discharging the duties imposed upon them. We think the compensation for services of such attorneys and counsel is one of the necessary 'expenses' of the proceeding, and may properly enter into the cost of draining the lands and be paid for by the assessment upon the lands benefited. The power to do the things intrusted to the commissioner implies the power to employ the necessary attorneys to do the work properly, just as much as it implies the power to contract or employ men to dig the ditch itself. We think this view is fully sustained in the case of *Mayor of New York* v. *Sands*, 105 N. Y. 210, where the court lays down this broad doctrine, to wit: 'It is a well-established principle that statutes containing grants of power shall be construed so as to include the authority to do all things necessary to accomplish the object of the grant, and to enable the donee of the power to effect the purpose of the act.' (P. 218.) See also *Armstrong* v. *Village of Fort Edward*, 159 N. Y. 315; *Gould* v. *Board of Education*, 34 Hun, 16; *Clute* v. *Robison*, 38 id. 283. The right of commissioners to employ legal counsel was raised on an appeal in a proceeding of this nature, and affirmed in the *Matter of Hall*, 125 App. Div. 898, which, however, is a case decided by the Appellate Division, without opinion."

Attorney for defendants quotes at length from the case of *McQuhae* v. *Rey* (3 Misc. 550). I do not see how that case is in point. That was a proceeding to compel a husband to provide for his wife's support. The action was brought in the name of the People and was instituted and prosecuted by the commissioners of charities and corrections in the city of New York, "who for that purpose were exclusively represented by an assistant cor-

poration counsel of said city, the latter being thereunto legally designated." Private counsel was employed by the wife, who was, so far as the proceedings were concerned, merely a witness. The right of the wife to recover attorney's fees in that proceeding was based upon the relationship of husband and wife. The court, after assuming for the purposes of the argument that the wife's right to be represented by counsel in such proceedings might be charged against the husband, said: " It still remains to be shown that the services of private counsel employed by the wife were necessary for the institution and proper prosecution of the proceedings. * * * Not a scintilla of evidence is apparent from the record from which the necessity for the employment of private counsel by defendant's wife for the purposes of the prosecution may be inferred."

In this proceeding it is the petitioner that is asking for such expense under section 919 above referred to. Section 915 of the Code of Criminal Procedure provides: " If a relative of a poor person fail to relieve and maintain him, as provided in the last section, the overseers of the poor of the town where he is, or in the city of New York, * * * may apply * * * to the county court of any county where the poor person dwells, for an order to compel such relief." The overseer of the town is the proper petitioner to whom costs and expenses are allowable under section 919.

In this case neither the town of Franklinville nor the overseer of the poor of that town has any attorney who is employed regularly upon a salary and to whom has been assigned the duty of prosecuting these proceedings or doing the legal work of the overseer. An attorney is employed merely when necessity arises. The petition and papers to bring these proceedings could not be properly drawn nor the hearing in court properly conducted without the employment of an attorney, especially where the defendants have so vigorously contested upon all points. In this case the employment of an attorney by the overseer was necessary, and the amount allowed reasonable. In addition to this proceeding to modify the order, there were two hearings besides several motions, the details of which appear in the court's memorandum of August twenty-second above referred to, besides the time necessary for preparation of two briefs. On the first hearing the defendants did not appear in person or by attorney, except that the wife of one of the defendants appeared and gave a statement to the court in regard to the financial condition of her husband. The defendants paid no attention to the original order for a long time, and to enforce payment the petitioner was obliged to secure an

County Court, Cattaraugus County, January, 1928.        [Vol. 131

order to show cause why the defendants should not be punished for contempt of court. Upon the return of that order the defendants appeared by attorney, who raised the question of jurisdiction of the court and the regularity of the contempt proceedings; also asked that the case be reopened upon the grounds that some of the defendants were delayed in reaching the court upon the original hearing and had not been heard. The court, to avoid any question of right of defendants to be heard, ordered a rehearing. After the order of the court was entered, on the second hearing, the present motion was made. Considering all these facts, the expense of attorney allowed is extremely reasonable.

In cases where the town or overseer has no regularly employed attorney whose duties require him to conduct such proceedings, so that it becomes necessary to employ an attorney for that purpose, a reasonable charge for such attorney's fees is a proper expense, under section 919 of the Code of Criminal Procedure.

From the additional evidence which has been furnished upon the hearing to resettle the former order, I have become convinced that the eighteen dollars which was disallowed as a part of the disbursements of the petitioner was actually paid and was necessary in the proper preparation and conduct of the proceeding, and that amount should be added to the expenses of the proceeding. An amended order should be made fixing the amount of expense for the necessary employment of attorney at seventy-five dollars, and for other miscellaneous disbursements forty-four dollars and thirty cents, making a total of one hundred and nineteen dollars and thirty cents, to be paid by the sons, the defendants in this proceeding, as follows, to wit: John McMurray, fifty-nine dollars and sixty-five cents; Sam McMurray, twenty-nine dollars and eighty-two cents; George McMurray, twenty-nine dollars and eighty-three cents, within twenty days after the entry of the order made upon this memorandum and the service of a copy thereof, with notice of entry upon the defendants' attorney. The amended order should be settled upon notice to defendants' attorney, with service of a copy of the petitioner's affidavit of disbursements. In all other respects, the order entered in accordance with the court's memorandum of August 22, 1927, shall remain unchanged.