TRIPLE CITIES CONSTRUCTION CORPORATION, Plaintiff, *v.* BYERS MACHINE COMPANY, INC., Defendant.

Supreme Court, Broome County, October 27, 1939.

Hinman, Howard & Kattell [*Morris Gitlitz* of counsel], for the plaintiff.

*Levine & Levine* [*Alec Rosefsky* of counsel], for the defendant.

GOLD (A. E.), J. Defendant sold the plaintiff a steam shovel under a contract of conditional sale and later retook possession for default in payment. Attempting to redeem, plaintiff tendered the balance due and the expenses of retaking and storage. One item of expense claimed was $200 for attorneys' fees, to which the plaintiff made strenuous objection. Having immediate need of the property, however, it paid under protest, and now sues to recover.

This is a motion by the defendant for summary judgment. Plaintiff also asks judgment under the amendment to rule 113 of the Rules of Civil Practice, no cross-motion now being necessary.

The defendant claims to find justification for its stand in the Personal Property Law (§ 78) which provides that the buyer, to redeem, must pay the balance due on the contract and " the expenses of retaking, keeping and storage." The question is whether by " expenses " is meant ordinary expenditures alone or whether counsel fees are also included.

The word " expenses " has no constant meaning. That it is sufficiently comprehensive to embrace attorneys' fees is doubtless true. (*Matter of McMurray*, 131 Misc. 182; *Bowery Bank* v. *Hart*, 37 id. 412; *Conley* v. *Fenelon*, 266 Mass. 340; 165 N. E. 382.) The context, however, may sanction, if not dictate, an interpretation more limited. " The word ' expenses ' although broad enough to include counsel fees, is of varying significance, dependent upon the connection in which it is used." (*Burrage* v. *County of Bristol*, 210 Mass. 299, 300; 96 N. E. 719.)

The sense in which the word is employed here has apparently never before been decided. Much depends, of course, on the object

of the statute. (*Mangam* v. *City of Brooklyn*, 98 N. Y. 585, 590.) The purpose was obviously to reimburse the seller for all the expenses usually and customarily incurred in retaking, keeping and storing the property. More, it seems clear, was not intended. (*Ferguson* v. *Hogan*, 25 Minn. 135, 140.) The determining factor is whether the Legislature may fairly be said to have anticipated that proceedings of a legal nature requiring the services of an attorney, would be necessary. (*Matter of Board of Water Supply*, 62 Misc. 326, 329; *Marshall Fishing Co.* v. *Hadley Falls Co.*, 5 Cush. [Mass.] 602. Cf. *Matter of Murcott Steel Products Co.*, [2d Cir.] 294 Fed. 84.)

There is no reason to believe that such was the expectation here. Property sold under a conditional sales contract may be retaken without legal process, as was done in this case. (Pers. Prop. Law, § 76.) The retaking is purely a physical act, as is also the keeping and storage, and there is ordinarily no need for an attorney. It is true that one may be retained to advise or to help prepare the necessary notices after the retaking, when a resale is compulsory. (Pers. Prop. Law, § 79.) This is not an expenditure, however, which is so intimately connected with the retaking as to be part of the expenses contemplated by the Legislature.

The seller may and sometimes must bring replevin, as, for example, when a breach of the peace would otherwise result. (Pers. Prop. Law, § 79.) But even then, counsel fees incurred in connection with the retaking, do not constitute a proper element of damages. (*Cook* v. *Gross*, 60 App. Div. 446, 447; *Hampton & Branchville R. R. Co.* v. *Sizer*, 35 Misc. 391.) How much more should that be true, when possession is recoverable without action.

The remaining question is whether the charge was proper under a clause of the contract by which the plaintiff specifically agreed to pay attorneys' fees in the event of default. The material provisions relied upon are that the seller " may, at its option, first proceed to forthwith take possession of said property without notice or demand * * * or, second, declare the entire amount then remaining unpaid immediately due and payable and proceed to collect the same in such manner as the Seller may determine," and that " in either event the Buyer agrees to pay all costs, charges and expenses the Seller may be put to or incur by reason of the default of the Buyer, including reasonable attorneys' fees."

This is not an undertaking, at least in express terms, to pay attorneys' fees in any event upon a retaking. Nor does such a construction seem reasonable. The true meaning is rather that the obligation would become effective only when the defendant, upon the plaintiff's default, found it necessary to proceed by action

either to collect the amount due or to recover possession. It cannot fairly be presumed that more was intended. (*Gugel* v. *New Orleans National Bank*, [5th Cir.] 239 Fed. 676, 680; *Matter of Mobile Chair Mfg. Co.*, [S. D. Ala.] 245 id. 211, 213. Cf. *Matter of Roche*, [5th Cir.] 101 id. 956, 961; *Motor Contract Co.* v. *Van Der Volgen*, 162 Wash. 449; 298 P. 705.)

The argument must also be rejected for another and perhaps more decisive reason. The contract, if construed to include attorneys' fees upon a retaking without process, would be contrary to the definitely expressed public policy of the State, designed to protect the buyer against all agreements inconsistent with the rights given him by statute. The prohibition, so far as material here, is found in section 80-f of the Personal Property Law which provides that " No act or agreement of the buyer before or at the time of the making of the contract, * * * shall constitute a valid waiver of the provisions of section seventy-eight."

The considerations which undoubtedly influenced the Legislature are well stated by Professor Bogert in the commentaries on the Uniform Conditional Sales Act (2-A, Uniform Laws Ann., p. 189): " If a waiver of the statutory benefits were allowed without restriction, doubtless many unscrupulous sellers would obtain such a waiver at the time of the making of the contract, in inserting a fine print clause in the contract, or by requiring the buyer to sign a separate instrument at the time of the delivery of the goods. At the time of the making of the bargain the seller has an advantage over the buyer. The buyer is seeking credit, often credit over a long period of time. He does not expect to default in his payments and need the protection of the act. He can readily be persuaded to sign a waiver. Then, too, many purchasers of goods on the installment plan are poor and ignorant and thus readily imposed upon."

The defendant argues that there is nothing inherently wrong or illegal in agreements to pay counsel fees upon default in the performance of contracts. No doubt that is true, and they have been upheld in this State and in the majority of other jurisdictions. (3 Williston on Contracts [Rev. ed.], § 786; *Waxman* v. *Williamson*, 256 N. Y. 117; *379 Madison Avenue, Inc.*, v. *Stuyvesant Co.*, 242 App. Div. 567; *Heating & Plumbing Fin. Corp.* v. *4274 Third Ave. Corp.*, 147 Misc. 700; *Citizens National Bank of Orange, Va.*, v. *Waugh*, [4th Cir.] 78 F. [2d] 325, 329. Contra, *Kittermaster* v. *Brossard*, 105 Mich. 219. See annotation L. R. A. 1915B, 930, for collection of cases.) Section 80-f, however, covers all agreements and not simply those which may be said to be in contraven-

tion of public policy generally. The assumption is indeed that without the statute, the attempted waiver would be enforcible.

Section 80-f has been liberally construed to accomplish its obvious purpose. (*Saitch* v. *Kelley*, 154 App. Div. 864, 866.) The latest case is *Clark* v. *Tri-State Discount Co., Inc.* (151 Misc. 679), decided by the Appellate Term of the Supreme Court in the Second Department. The contract there contained the usual acceleration clause that the whole amount was to become due upon default in payment of a single installment. Seeking to redeem after a retaking, the buyer tendered the installment then owing and the expenses. The seller, claiming the entire balance, refused to deliver possession and the buyer brought replevin. He was sustained by the court on these grounds, namely, that section 78 which provides for payment of the " amount due under the contract " means only the amount in default; that the parties must be held to have contracted with reference to the statute; and finally that the acceleration clause was invalid as an attempted waiver.

The court said (p. 682): " It was to assure a more equitable protection to conditional vendees — who in the main are unable to protect themselves — that section 78 of the Uniform Conditional Sales Act (Pers. Prop. Law, § 78) was adopted. It is essentially a remedial statute. It was designed to avoid forfeiture of the amount paid by the buyer and to prevent unjust enrichment of the seller by permitting the former to redeem upon terms that would be just to both."

The issue in principle is no different here. Redemption, when part payment has been made, is sedulously guarded by law, as it should be. (*Hughes* v. *Harlam*, 166 N. Y. 427, 432; *Rost* v. *Knabe & Co., Inc.*, 154 Misc. 425.) Under the statute plaintiff was required to pay only the " expenses of retaking, keeping and storage." By agreeing to pay attorneys' fees in addition, if such is to be the interpretation of the contract, plaintiff burdened the right to redeem with a condition which might substantially reduce its value and, in extreme cases, foreclose it altogether. The legislative purpose may not be thus frustrated. Enlargement of the obligation in that respect must be held to be in effect an attempted waiver of the protection afforded by the statute. (*Adler* v. *Weis & Fisher Co.*, 218 N. Y. 295, 299; *Crowe* v. *Liquid Carbonic Co.*, 208 id. 396, 402; *Roach* v. *Curtis*, 191 id. 387, 391.)

It is not a persuasive answer that the contract provides only for reasonable attorneys' fees. The opportunity for oppression still remains. Having retaken the property, the seller and his attorney are placed in too strong a position to enforce their opinion

of what charge would be reasonable. The buyer, it is true, could refuse to pay and seek possession by replevin, or could pay and sue to recover. There would be scant comfort, however, in either remedy. The legal expense, considering the economic condition of those who customarily make purchases on conditional sales contracts, might well be prohibitive.

The guiding principle was clearly stated by Judge LEHMAN in *Siegel* v. *Rieser* (97 Misc. 684, 690): " The Legislature, to prevent wrong and oppression, has given the vendee under the conditional contract of sale certain rights. The courts have uniformly held that the legislative purpose cannot be accomplished if the parties are permitted to make a contract of sale in which the vendee waives, in advance, the rights which the Legislature has deemed necessary to provide for his protection. This protection should not be whittled away by exceptions to the general rule."

The defendant's motion for summary judgment is denied, and judgment is awarded the plaintiff for the amount demanded in the complaint and costs. Submit order.