**GRAND BANKS FISHING CO., Inc. v.
STYRON.**

No. 93.

United States District Court
D. Maine, S. D.

Aug. 27, 1953.

Nathan W. Thompson, Benjamin Thompson, Portland, Me., for libellant.

Leon V. Walker, Portland, Me., Frank M. Coffin, Lewiston, Me., for respondent.

CLIFFORD, District Judge.

This is a libel of Grand Banks Fishing Company, Inc., formerly Schooner Governor Al Smith, Inc., a corporation organized and existing under the laws of the Commonwealth of Massachusetts and having a principal place of business at Boston, in the County of Suffolk, and said Commonwealth, against Roland L. Styron, of Oriental or Hobucken, in the District of North Carolina.

The libel alleges that on October 17, 1949, the libellant entered into a written contract with the respondent by the terms of which respondent agreed to sell to the libellant the fishing vessel Caracara; that at the time of the signing of said contract, the said vessel was at sea so that the libellant did not have an opportunity to survey the vessel prior to the time of purchase; that in consideration of the libellant completing said purchase prior to a competent survey the respondent agreed in said contract that said vessel, her machinery and equipment, was free from any major defect; that libellant relied upon said warranty and on October 17, 1949, while said vessel was at sea, paid to the respondent the full purchase price of $57,000 and on October 24, 1949, received a bill of sale for said vessel; that when the vessel returned to port the libellant had said

vessel hauled on a marine railway and surveyed; that said survey disclosed that there were many defects in the vessel's hull, machinery and .equipment; that the cost of making the necessary repairs to said vessel so as to put her in the condition in which she was represented to be by the respondent was in the sum of $17,000; that in addition thereto the libellant lost the use of said vessel for a period of four months of the fishing season; that libellant's total loss was in the sum of $27,000 and libellant requests judgment against the respondent in the sum of $30,000.

On or about October 19, 1950, the libellant filed this action against the respondent in personam and with a clause of foreign attachment and respondent's vessel Courier was attached in response to the monition issued by the Clerk.

The libellant also asserts that because of the questionable jurisdiction of the Admiralty Court over a contract for the purchase and sale of a vessel, it brought another action against the respondent in the Superior Court for Cumberland County, State of Maine, alleging in its writ, substantially what it does in the libel now before this Court.

In the admiralty action the respondent filed its special appearance and a plea denying the jurisdiction of this Court, and in the action of the State Court, with which this Court is, of course, not concerned, the defendant filed a plea of abatement, on the grounds that there were two actions pending at the same time, for the same cause.

The respondent contends that the contract with which this case is concerned is a contract of sale, non-maritime in nature, and that this Court, as a court of admiralty, has no jurisdiction to hear and determine the questions arising under the contract.

The libellant has submitted this case solely on the question of jurisdiction.

The question to be determined by this Court is whether the contract, which, as alleged, flowed from a breach of warranty stated in said contract, is maritime or non-maritime in nature.

As stated in Benedict on Admiralty (6th Ed.) Vol. 1, page 130, Sec. 64:

"It is not always easy to determine what is a maritime Contract. The dividing lines between causes maritime and non-maritime is not always strongly marked. It is believed that a sure guide in matters of contract is to be found in the relation which the cause of action has to a ship, the great agent of Maritime enterprize, and to the sea as a highway of commerce. A contract relating to a ship in its use as such or to commerce on navigable waters is subject to the Maritime Law and the case is one of Admiralty and Maritime jurisdiction whether the contract is to be performed on land or water."

In The Ada, 2 Cir., 1918, 250 F. 194, the Universal Transportation Company, Incorporated, filed a libel against the Swedish Steamer Ada, in rem, and against the Amie Company, in personam, to recover damages sustained by the breach of a charter and for the breach of a contract of sale. The Amie Company filed exceptions to the libel on the ground that the damages claimed arose from a breach of contract for the sale of the vessel which was a cause of action not within the admiralty jurisdiction. The District Court found that the Amie Company was liable to the Universal Company for the loss sustained by it as charterer, but that the damages for breach of contract of sale were not recoverable in admiralty. Circuit Judge Rogers, 250 F. at pages 197, 198, said:

"* * * The jurisdiction of the admiralty courts is restricted to maritime subjects. The contract involved is plainly a contract of sale. For a contract to fall within the admiralty jurisdiction, it must concern transportation by sea, relate to navigation or maritime employment, or be one of navigation and commerce on navigable waters. And the contract here does not come under any of these heads. *The rule is settled that contracts for building a ship, or contracts for selling a ship, are not maritime contracts, and within the jurisdiction of the Admiralty.*" (Emphasis supplied.)

The libellant frankly states in its memorandum submitted to the Court "The lan-

guage of the Court in declining jurisdiction in that case (The Ada, supra) does not support the Libellant's claim of jurisdiction."

Respondent cites Rivara v. James Stewart & Co., 1922, 119 Misc. 73, 195 N.Y.S. 841, in which opinion The Ada, supra, was cited with approval.

The Court, 195 N.Y.S. at page 844, said:

"* * * And there is nothing maritime in the sale of a vessel, or in its conditional sale. 'For a contract to fall within the admiralty jurisdiction, it must concern transportation by sea, relate to navigation, or maritime employment, or be one of navigation and commerce within navigable waters. * * * The rule is well settled that contracts for building or for selling a ship are not maritime contracts, and within the jurisdiction of admiralty.' Grant Smith-Porter Ship Co. v. Rhode [Rohde], 257 U.S. [469], 42 S.Ct. 157, 66 L.Ed. [321]; Thames Towboat Co. v. The Francis McDonald, 254 U.S. 242, 41 S.Ct. 65, 65 L.Ed. 245; The Ada, 250 F. 194, 196, 162 C.C.A. 330."

In Rivara v. James Stewart & Co., supra, we find the Court stating that there is nothing maritime in the sale of a vessel.

In the case, The Eclipse, 1890, 135 U.S. 599, 10 S.Ct. 873, 34 L.Ed. 269, is to be found a splendid exposition of the limitations imposed on the jurisdiction of a court of admiralty as well as those matters in which a court of admiralty has jurisdiction. The Court 135 U.S. 599, 10 S.Ct. at page 876 said:

"While the court of admiralty exercises its jurisdiction upon equitable principles, it has not the characteristic powers of a court of equity. It cannot entertain a bill or libel for specific performance, or to correct a mistake, (Cf) or declare or enforce a trust or an equitable title, (Cf) or exercise jurisdiction in matters of account merely, (Cf) or decree the sale of a ship for an unpaid mortgage, or declare her to be the property of the mortgagees, and direct possession of her to be given to them, (Cf.) The jurisdiction embraces all maritime contracts, torts, injuries, or offenses; and it depends, in cases of contract, upon the nature of the contract, and is limited to contracts, claims, and services purely maritime, and touching right and duties appertaining to commerce and navigation." (Cf.)

There are numerous cases in which attempts have been made to require specific performance of contracts of sale of vessels wherein courts of admiralty have determined that they have no jurisdiction to enforce such contracts.

This Court is of the opinion that the facts averred in the libel do not constitute a cause of action within the admiralty and maritime jurisdiction of this Court. The contract in question is a contract of purchase, and non-maritime in nature.

It is therefore ordered, adjudged, and decreed, that the within libel be, and hereby is,

Dismissed.