Michael E. Zimmer, J.
The parties herein stipulated the following facts: That the plaintiff is an attorney at law, and that between the 8th day of February, 1955 and the 14th day of September, 1956 he appeared for the defendant’s wife, Mollie Marion, in the City Court of Buffalo, Part 4, known as the Domestic Relations part and was successful in obtaining a conviction of the defendant under subdivision 1 of section 899 of the Code of Criminal Procedure for failure to adequately sup *951 port Ms wife; and that several orders were entered by the court directing the defendant to pay his wife the sum of $25 per week and medical expenses, and wMch order was subsequently modified to $15 per week; that the fair and reasonable attorney’s fees would be $175, of which $25 was paid by the wife, leaving a balance of $150; that subdivision 1 of section 899 of the Code of Criminal Procedure is an offense and a quasi-criminal proceeding, and that the District Attorney never prosecutes said offenses, but the People’s case is usually presented by the Judge or private counsel.
The plaintiff contends that the services rendered to the defendant’s wife at the time when she was inadequately supported by the defendant were necessities for which the defendant was liable.
The defendant contends that the services performed by the plaintiff do not come within the category of necessities, but subdivision 1 of section 899 of the Code of Criminal Procedure is an offense which should be prosecuted by the District Attorney’s office, and that the wife had no right to obtain private counsel to conduct the proceedings, and relies solely on the case of McQuhae v. Rey (3 Misc. 550 [1893]).
This court is of the opinion that the question to be decided herein is not whether the District Attorney does or does not prosecute violations of subdivision 1 of section 899 of the Code of Criminal Procedure in the City Court of Buffalo, but whether the services rendered to the defendant’s wife were necessities.
After a careful examination of the facts and the law in this case this court believes that the plaintiff is entitled to recover reasonable attorney’s fees which were stipulated to be $175, of which $25 was paid by the wife, leaving a balance due and owing the plaintiff in the sum of $150.
It conclusively appears herein that since the establishment of the City Court in 1909 the District Attorney’s office never prosecuted offenses under that section, nor is there any other agency available to the wife or neglected children who come into court invoking this penal section; and that this case is distinguished from the McQuhae v. Rey case (supra), as in that case there was no proof that the services of an attorney were necessary because the commissioner of charities and corrections in the City of New York, exclusively represented by an assistant corporation counsel, conducted the prosecution of all actions in the New York City Court.
It would seem that the rights of the husband and wife should be reciprocal because, under the law, the husband is entitled *952 to counsel of Ms own choice and the wife also should be entitled to counsel of her oavd choice to protect her rights for proper and adequate support. In tMs connection see: People v. Price, (262 N. Y. 410); People v. McLaughlin (291 N. Y. 480); Stein v. Hart (274 App. Div. 836), and Elder v. Rosenwasser (238 N. Y. 427).
Accordingly it follows that judgment is rendered as aforesaid.