**TWIN CITY BARGE & TOWING CO., a corporation, Appellant,**

v.

**Frank AIPLE, d/b/a Aiple Towing Company, Appellee.**

No. 82–2130.

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1983.

Decided June 15, 1983.

James W. Herron, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., Thomas Murray, South St. Paul, Minn., for appellant.

Eugene M. Warlich, C. Robert Beattie, Elizabeth Hoene, Doherty, Rumble & Butler, P.A., St. Paul, Minn., for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

PER CURIAM.

Twin City Barge & Towing Co. (Twin City) appeals from the district court's[1] dismissal of its action against Frank Aiple for breach of contract for the sale of a tug boat. The district court dismissed the action for lack of subject matter jurisdiction, holding that a contract for sale of a vessel does not come within the court's admiralty jurisdiction. *See* 28 U.S.C. § 1333 (1976).

The question whether a contract for the sale of a vessel is maritime in nature and thus within a federal court's admiralty jurisdiction apparently is a matter of first impression in this circuit. However, the rule is otherwise well settled that such contracts are not maritime in nature, and thus are not within a federal court's admiralty jurisdiction. *See Jones v. One Fifty Foot*

---

**1.** The Honorable Paul A. Magnuson presiding.

*Gulfstar Motor Sailing Yacht, Hull No. 01,* 625 F.2d 44, 47 (5th Cir.1980); *Flota Maritima Browning de Cuba, S.A. v. Snobl,* 363 F.2d 733, 735 (4th Cir.), *cert. denied,* 385 U.S. 837, 87 S.Ct. 82, 17 L.Ed.2d 71 (1966); *The Ada,* 250 F. 194, 197–98 (2d Cir.1918) (Rogers, J., concurring); *Grand Banks Fishing Co. v. Styron,* 114 F.Supp. 1, 3 (D.Me. 1953). *See also* 7A J. Moore, *Moore's Federal Practice* ¶ .245[2], at 2974 (2d ed. 1982).

Twin City urges us to recognize the illogical nature of the rule noted above, and to hold that a contract for sale of an existing vessel falls within the district court's admiralty jurisdiction. As a matter of public policy, we strive for uniformity wherever possible and will adhere to the decisions of our sister circuits. Absent direction from the Supreme Court, we decline to break precedent and expand admiralty jurisdiction as Twin City asks us to do. Accordingly, we affirm the district court's dismissal for want of subject matter jurisdiction.

Affirmed. *See* 8th Cir.R. 14.